UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| AASHA DENNIS AS PUTATIVE | * | CIVIL ACTION NO. |
| PERSONAL REPRESENTATIVE OF | * | |
| THE ESTATE OF THOMAS JOHNSON | * | |
| AND ON BEHALF OF HER MINOR | * | SECTION |
| CHILD, D.J. | * | |
| | * | |
| VERSUS | * | JUDGE |
| | * | |
| WESTBANK FISHING, LLC, JOSIAH | * | |
| COTTRELL, TIMOTHY COTTRELL and | * | MAGISTRATE |
| DAVID COTTRELL | * | |

## COMPLAINT FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Aasha Dennis, in her capacity as the putative personal representative of the Estate of Thomas Johnson and as natural tutrix of her minor child, D.J., and brings this survival and wrongful death action and respectfully represents as follows:

1.

Made Defendants herein are:

a. WESTBANK FISHING, LLC, a Louisiana limited liability company with its principal place of business located in Empire, Louisiana, authorized to do and doing business in this state and judicial district at all times.

b. JOSIAH COTTRELL, a person of full age of majority and resident of the state of Louisiana.

c. TIMOTHY COTTRELL, a person of full age of majority and resident of the state of Louisiana.

d. DAVID COTTRELL, a person of full age of majority and resident of the state of Louisiana.

- 1 -

2.

Plaintiff, Aasha Dennis, brings the following causes of action in her capacity as the putative personal representative of the Estate of Thomas Johnson, with the expectation of being duly appointed administrator of said estate, and on behalf of her minor child, D.J., who is entitled to recover damages as a statutory beneficiary of Decedent under applicable law.

## JURISDICTION

3.

Jurisdiction of this Court is invoked under the Jones Act, general maritime law and diversity of citizenship.

## FACTS

4.

On or about August 28, 2025, Decedent, Thomas Johnson, while acting within the course and scope of his employment with WESTBANK FISHING, LLC and serving aboard the F/V FRANCES T. CARINHAS, was brutally attacked, sustaining fatal injuries. Decedent suffered extensive pre death pain and suffering after he was stabbed multiple times by fellow crew members, specifically Defendants, JOSIAH COTTRELL, TIMOTHY COTTRELL and DAVID COTTRELL.

5.

These injuries and his resulting death were proximately caused by the negligence of Defendants, WESTBANK FISHING, LLC, the willful and intentional misconduct of fellow crew

- 2 -

members and Defendants, JOSIAH COTTRELL, TIMOTHY COTTRELL and DAVID COTTRELL, and the unseaworthy condition of the F/V FRANCES T. CARINHAS.

6.

Decedent, Thomas Johnson, is survived by his minor child, D.J., who was completely and fully dependent upon Decedent for economic and emotional support.

### FIRST CAUSE OF ACTION – JONES ACT NEGLIGENCE

7.

The incident described herein, and the resulting wrongful death of Decedent, was proximately caused by the negligence and fault of Defendant WESTBANK FISHING, LLC, in violation of the Jones Act, 46 U.S.C. § 30104, including, but not limited to, the following:

a. Breaching its legally imposed duty to exercise reasonable care to provide Decedent with a safe place to work aboard the F/V FRANCES T. CARINHAS;

b. Failing to provide and maintain a reasonably safe and secure working environment;

c. Negligently hiring, retaining, and employing crew members with known or reasonably discoverable violent or unsafe propensities;

d. Failing to properly train, supervise, and discipline its crew members;

e. Failing to intervene or take reasonable measures to protect Decedent from a foreseeable attack;

f. Failing to implement and enforce proper policies and procedures to prevent workplace violence and to ensure the safety of the crew;

g. Being vicariously liable for the negligent acts and omissions of its employees; and

h.  Such other acts and omissions of negligence as will be shown at trial.

## **SECOND CAUSE OF ACTION – FAILURE TO PROVIDE PROMPT AND ADEQUATE MEDICAL CARE AND/OR CURE**

8.

At all relevant times, Defendant WESTBANK FISHING, LLC, as owner and operator of the F/V FRANCES T. CARINHAS, owed Decedent an absolute and non-delegable duty under the Jones Act, 46 U.S.C. § 30104 and the general maritime law to provide prompt and adequate medical care and/or cure when Decedent was attacked and injured while in service of the vessel. Defendant, WESTBANK FISHING, LLC, breached this duty in one or more of the following respects:

    a.  Willful and wanton failure to timely render first aid or provide reasonable medical care and/or cure immediately after the attack;

    b.  Willful and wanton failure to timely evacuate Decedent to a facility capable of providing appropriate medical care and/or cure;

    c.  Willful and wanton delay or failure to summon shoreside or emergency medical assistance;

    d.  Failing to properly train the crew to respond to medical emergencies aboard the vessel;

    e.  Failing to have adequate medical equipment, supplies, or personnel available to treat Decedent's injuries; and

    f.  Such other acts and omissions of negligence as will be shown at trial.

- 4 -

9.

As a direct and proximate result of WESTBANK FISHING, LLC's willful and wanton failure to provide proper and prompt medical treatment and cure, Decedent's injuries were aggravated, his pain and suffering prolonged, and his wrongful death occurred, entitling Plaintiff to damages recoverable under the Jones Act and the general maritime law.

## THIRD CAUSE OF ACTION - UNSEAWORTHINESS

10.

At all relevant times, Defendant WESTBANK FISHING, LLC owed Decedent an absolute, non-delegable duty under the general maritime law to provide a vessel that was reasonably fit for its intended purpose and manned by a competent crew. Defendant breached this duty, and the F/V FRANCES T. CARINHAS was unseaworthy in one or more of the following respects:

    a.  The vessel was manned with dangerous and violent crew members whose presence rendered the vessel unfit and unsafe for its intended purpose;

    b.  The vessel was not reasonably safe for work because Defendant, WESTBANK FISHING, LLC, failed to ensure that crew members were competent, properly trained, and able to perform their duties without endangering others;

    c.  The vessel lacked adequate policies, procedures, and security measures to prevent foreseeable attacks and to protect crew members from violence;

    d.  The vessel's officers and crew failed to maintain discipline and order aboard the vessel;

    e.  Such other conditions of unseaworthiness as will be shown at trial.

11.

As a direct and proximate result of the unseaworthy condition of the F/V FRANCES T. CARINHAS, Decedent sustained fatal injuries, and Plaintiff is entitled to recover damages as allowed under the general maritime law as well as survival and wrongful death remedies.

## **FOURTH CAUSE OF ACTION – INTENTIONAL TORT**

12.

Plaintiff further contends that on the occasion in question, Defendants JOSIAH COTTRELL, TIMOTHY COTTRELL and DAVID COTTRELL acted in violation of the laws of the State of Louisiana and standards of ordinary care by intentionally and without provocation stabbing and killing Decedent.

13.

Defendants were acting in the course and scope of their employment as crew members of the F/V FRANCES T. CARINHAS at the time of the attack

14.

Said breaches of duty proximately contributed, in whole or in part, to the incident described herein and resulting wrongful death of Decedent for which Defendants JOSIAH COTTRELL, TIMOTHY COTTRELL and DAVID COTTRELL are liable to Plaintiff in damages.

## DAMAGES

15.

As a result of the injuries, suffering, and death of Thomas Johnson, Plaintiff as the putative personal representative of the Estate of Thomas Johnson and as natural tutrix of her minor child, D.J., is entitled to recover damages including but not limited to:

   a.  Survival damages including those damages associated with mental and physical pain and suffering that Thomas Johnson endured prior to his death;

   b.  Loss of support, wages, earnings, and/or earning capacity, past and future;

   c.  Loss of fringe benefits including, but not limited to, savings, retirement, health insurance and/or medical care;

   d.  Loss of consortium, society, companionship, love and affection, nurture, care, guidance, instruction, and physical, intellectual and moral training; and all mental, emotional and physical damages that Plaintiff's minor child, D.J. has endured and/or will endure as the result of the death of the minor child's father, Thomas Johnson, past, present and future;

   e.  Loss of services, past, present and future;

   f.  Loss of inheritance;

   g.  Medical, funeral and burial expenses;

   h.  Punitive damages;

   i.  Any other general and/or special damages recoverable under the applicable laws in amounts reasonable in the premises.

16.

Plaintiff prays for a trial by jury on all issues sued upon herein.

- 8 -

**WHEREFORE**, Plaintiff, Aasha Dennis, as putative personal representative of Thomas Johnson and as natural tutrix of her minor child, D.J., prays for judgment in her favor, and against Defendants WESTBANK FISHING, LLC, JOSIAH COTTRELL, TIMOTHY COTTRELL and DAVID COTTRELL in a full and true sum of amounts reasonable in the premises to be proven at the trial of this matter, plus costs of these proceedings and legal interest from the date of this incident and for all other general and equitable relief to which Plaintiff is justly entitled.

Respectfully submitted,

/s/*Thomas W. Shlosman*

Thomas W. Shlosman (LA Bar No. 34086)
Shlosman Law Firm
4907 Magazine Street
New Orleans, LA 70115
(504) 826-9427 Phone
(504) 324-0431 Fax
tom@shlosmanlaw.com

- 8 -