UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

AASHA DENNIS, as personal representative                CIVIL ACTION
of the estate of Thomas Johnson and on
behalf of her minor child, D.J.                          NO. 25-1963

VERSUS                                                   SECTION M (2)

WESTBANK FISHING, LLC

## ORDER & REASONS

Before the Court is the motion of plaintiff Aasha Dennis to strike and/or dismiss third-party complaint.[1]    Defendant Westbank Fishing, LLC ("Westbank") responds in opposition,[2] and Dennis replies in further support of her motion.[3]    Also before the Court is Dennis's motion for leave to file second amended complaint.[4]    Westbank responds in opposition,[5] and Dennis replies in further support of her motion.[6]    Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons granting both motions.

## I.    BACKGROUND

On August 28, 2025, Thomas Johnson, a crewmember on the F/V *Francis T. Carinhas*, sustained fatal injuries from a stabbing that occurred onboard the vessel.[7]    Dennis, as the representative of Johnson's estate and the legal guardian of her minor child D.J., Johnson's sole heir, instituted this survival and wrongful death action against Westbank, the owner of the vessel, on September 20, 2025.[8]

---

[1] R. Doc. 29.
[2] R. Doc. 35.
[3] R. Doc. 37.
[4] R. Doc. 36.
[5] R. Doc. 43.
[6] R. Doc. 44.
[7] R. Docs. 18 at 2; 21 at 4-5.
[8] R. Docs. 1; 18 at 1; 21 at 4.

In Dennis's original complaint, she invoked this Court's jurisdiction "under the Jones Act, general maritime law and diversity of citizenship."[9]  In addition to Westbank, she named as defendants Tim Cottrell, David Cottrell, and Josiah Cottrell (the "Cottrell brothers"), whom she alleged committed the stabbing.[10]  On March 4, 2026, this Court granted Dennis's motion to dismiss the Cottrell brothers from the action.[11]  Then, on March 9, 2026, Dennis filed an amended complaint, currently the operative complaint in this matter, in which she invokes this Court's jurisdiction only "under the Jones Act [46 U.S.C. § 30104] and the general maritime law."[12]  She asserts claims against Westbank for Jones Act negligence, for failure to render prompt and proper medical care in violation of the Jones Act and general maritime law, and for unseaworthiness in violation of general maritime law.[13]  Dennis seeks a jury trial on all claims she asserts.[14]

Westbank, in its answer to the amended complaint, denies liability for Dennis's claims and requests a trial by jury.[15]  It also asserts a third-party demand against the Cottrell brothers pursuant to Federal Rule of Civil Procedure 14(c) – which permits a defendant in an admiralty or maritime action to tender a third-party defendant to the plaintiff.[16]  Westbank, in its third-party demand, alleges that the Cottrell brothers have been charged with second-degree murder in connection with Johnson's death in the 25th Judicial District Court in Plaquemines Parish.[17]  Westbank claims that, should the criminal court find that the Cottrell brothers were involved in the stabbing of Johnson, the Cottrell brothers would be solely liable for the damages to which Dennis and her minor child

---

[9] R. Doc. 1 at 2.
[10] *Id.* at 2-3, 6.
[11] R. Doc. 15.
[12] R. Doc. 18 at 1.
[13] *Id.* at 2-5.
[14] *Id.* at 6.
[15] R. Doc. 21 at 1-6.
[16] *Id.* at 6-9.
[17] *Id.* at 7.

2

might be entitled.[18]   Westbank also states that it brings its third-party demand "pursuant to admiralty and maritime jurisdiction and under Rule 9(h)."[19]

Dennis now moves to strike and/or dismiss Westbank's third-party complaint pursuant to Rule 14(a)(4).[20]   Dennis also moves for leave to file a second amended complaint.[21]

## II.   PENDING MOTIONS

### A.   Dennis's motion to strike and/or dismiss third-party complaint

Dennis, in her motion to strike and/or dismiss Westbank's third-party complaint, argues that Westbank's Rule 14(c) tender must be stricken or dismissed because Rule 14(c) applies only where a plaintiff asserts an admiralty or maritime claim.[22]   She says that, where a plaintiff's claim is cognizable under both admiralty jurisdiction and some other ground for subject-matter jurisdiction, a plaintiff – and only the plaintiff – can choose whether to make a Rule 9(h) election to proceed in admiralty.[23]   Then Dennis urges that her first amended complaint does not elect to proceed in admiralty under Rule 9(h) because it does not contain the requisite "simple statement" identifying the claim as an admiralty or maritime claim.[24]   Dennis maintains that, under the totality of the circumstances, her amended complaint does not include a Rule 9(h) election because (1) her "amended complaint omits any Rule 9(h) designation"; (2) she and Westbank expressly requested a trial by jury, which is unavailable for admiralty or maritime claims; (3) she dismissed the Cottrell brothers as defendants in her amended complaint, and "Westbank's Rule 14(c) tender is a transparent effort to unwind that choice"; and (4) admiralty is not the only ground for subject-

---

[18] *Id.* at 8-9.
[19] *Id.* at 6.
[20] R. Doc. 29.
[21] R. Doc. 36.
[22] R. Doc. 29-1 at 3-4.
[23] *Id.* at 4-5.
[24] *Id.* at 5.

matter jurisdiction in this case.[25]  She emphasizes that Westbank cannot choose to proceed in admiralty under Rule 9(h) where she did not so choose, and Westbank cannot use Rule 14(c) in an attempt to have Dennis litigate her claims against the Cottrell brothers directly where she chose not to do so.[26]

In its opposition, Westbank, relying on this Court's decision in *Ensco Offshore, LLC v. Cantium, LLC*, 2024 WL 1801855, at *4 (E.D. La. Apr. 25, 2024), among other sources, says that Dennis's amended complaint invoked this Court's admiralty jurisdiction because her amended complaint specifically asserts jurisdiction "'under the Jones Act and the general maritime law.'"[27] Westbank then contends that Dennis's Rule 9(h) election to proceed in admiralty was "further crystalized" when she amended her complaint to remove reference to diversity jurisdiction.[28] Westbank thus says that the assertion of admiralty jurisdiction in its third-party complaint is proper because, where a plaintiff invokes admiralty jurisdiction pursuant to Rule 9(h), a third-party plaintiff may also designate its claims against a third-party defendant as admiralty claims.[29] Finally, Westbank briefly argues that Dennis should not be permitted to amend her complaint to invoke diversity jurisdiction, in part because, "[p]resently, there is no diversity since both Westbank and the Cotrells [*sic*] are from Louisiana."[30]

Dennis's reply first contends that complete diversity is not destroyed by Westbank's impleading the Cottrell brothers because 28 U.S.C. § 1332 "does not require diversity between a

---

[25] *Id.*

[26] *Id.* at 6-7.

[27] R. Doc. 35 at 3-5 (quote at 4) (quoting R. Doc. 8 at 1).  Record Document 18 later supplanted Record Document 8 as the operative first amended complaint.

[28] *Id.* at 5.

[29] *Id.* at 6.

[30] *Id.*  Westbank advances several other reasons for which it would oppose Dennis's efforts to amend her complaint which are more thoroughly addressed in its briefing on Dennis's motion for leave to file a second amended complaint.

defendant and the third parties it impleads."[31]   And even if diversity had been destroyed, says Dennis, Rule 9(h) would not operate automatically to invoke admiralty jurisdiction simply because her asserted non-maritime jurisdictional basis became unavailable.[32]   Dennis also reiterates the arguments that her first amended complaint does not contain a Rule 9(h) admiralty election and that Westbank cannot make such an election on her behalf by way of its third-party complaint.[33] Dennis maintains that her proposed second amended complaint would clarify her election to proceed in diversity jurisdiction,[34] and again urges that Westbank's Rule 14(c) tender, which would force Dennis to litigate her claims directly against the Cottrell brothers, denies Dennis the "right to choose the procedural framework for her own case," which Rule 9(h) is designed to protect.[35]

## B.  Dennis's motion for leave to file a second amended complaint

Dennis makes six arguments in support of her motion for leave to file a second amended complaint.   First, she argues that the liberal pleading standard of Rule 15(a)(2) allows for amendment where there is no undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by previously allowed amendments, undue prejudice to the opposing party, or futility of the amendment, none of which she says is present here.[36]   She contends that the amendment is timely and in good faith, as the case is in its early stages, and she sought amendment to clarify jurisdiction promptly upon notice of Westbank's attempted use of Rules 9(h) and 14(c).[37]   She claims there is no bad faith, as she does not seek to gain tactical advantages against Westbank or

---

[31] R. Doc. 37 at 2-3 (quote at 2).
[32] *Id.* at 4.
[33] *Id.* at 4-6.
[34] *Id.* at 6-8
[35] *Id.* at 8.
[36] R. Doc. 36-3 at 2-3.
[37] *Id.* at 4.

5

expand the scope of the litigation by adding new theories of recovery.[38]  For the same reasons, and because she says the amendment will not require Westbank to change litigation strategy or undertake new discovery, Dennis asserts that Westbank will not be prejudiced by the amendment.[39]  She further argues that Westbank will not be prejudiced because the amendment is "helpful to Westbank in understanding the precise procedural posture of the case."[40]  She argues that the amendment is not futile because it will state plausible claims for recovery, identical to those in her operative complaint, and additionally will properly and clearly invoke diversity jurisdiction.[41]  Next, she contends that amendment is warranted because it will clarify that she did not make a Rule 9(h) election to proceed in admiralty, which she says will make apparent that a Rule 14(c) tender is unavailable to Westbank.[42]  She also says that courts in the Fifth Circuit have permitted plaintiffs to clarify their jurisdictional election through amendment, pointing to *Smith v. Oceaneering Mobile Workforce LLC*, 2025 WL 3190514, at *3 (E.D. La. Nov. 14, 2025).  Finally, she alleges that her amendment relates back to her original pleading, but says "relation back is not strictly required here."[43]

In opposition, Westbank argues that if this Court grants Dennis leave to amend her complaint, it would be substantially prejudiced for two reasons.[44]  First, says Westbank, if Dennis had amended her jurisdictional statement to solely allege diversity jurisdiction in the first amended complaint, it would have preserved its rights by instituting a limitation action rather than simply asserting its rights under the Limitation Act as an affirmative defense.[45]  Westbank claims that, if

---

[38] *Id.* at 3-4.
[39] *Id.* at 4.
[40] *Id.*
[41] *Id.* at 5.
[42] *Id.* at 5-6.
[43] *Id.* at 6-7 (quote at 6).
[44] R. Doc. 43 at 3.
[45] *Id.*

the Court allows Dennis's proposed second amendment, Westbank would be compelled to file a complaint for exoneration and/or limitation of liability, which it insists would delay proceedings.[46] Second, Westbank implies that, if a Rule 14(c) tender is not available to it, the Cottrell brothers could not be made parties to the litigation.[47]  Then it says it would be prejudiced by the amendment because "the Cottrell brothers' participation as parties is needed to determine whether the Cottrell brothers committed intentional torts outside the course and scope of their employment."[48]

In her reply, Dennis responds that Rule 15's liberal amendment standard would permit her amended complaint because Westbank's loss of a procedural mechanism like a Rule 14(c) tender "is not the type of prejudice Rule 15 recognizes."[49]

## III.    LAW & ANALYSIS

### A.  Dennis's first amended complaint does not contain a Rule 9(h) election.

"Pursuant to Federal Rule of Civil Procedure 9(h), a plaintiff whose claims are cognizable within the [c]ourt's admiralty jurisdiction 'and also within the court's subject-matter jurisdiction on some other ground' may choose to proceed on the admiralty side of the [c]ourt." *LeBlanc v. Panther Helicopters, Inc.*, 2015 WL 350285, at *5 (E.D. La. Jan. 26, 2015) (quoting Fed. R. Civ. P. 9(h)).  Rule 9(h) provides in relevant part:

> If a claim for relief is within the admiralty or maritime jurisdiction and also within the court's subject-matter jurisdiction on some other ground, the pleading may designate the claim as an admiralty or maritime claim for purposes of Rules 14(c), 38(e), and 82 and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.  A claim cognizable only in the admiralty or maritime jurisdiction is an admiralty or maritime claim for those purposes, whether or not so designated.

---

[46] *Id.* at 4-5.
[47] *See id.* at 4.
[48] *Id.*
[49] R. Doc. 44 at 3-6 (quote at 3).

7

Fed. R. Civ. P. 9(h)(1).  Thus, to proceed on the admiralty side of the court, a plaintiff may choose to include a statement in the complaint designating the claim as an admiralty or maritime claim, but an express Rule 9(h) election – although preferable – is not required so long as the complaint includes a simple statement identifying the claim as an admiralty or maritime claim.  *See id.*; *T.N.T. Marine Serv. Inc. v. Weaver Shipyards & Dry Docks, Inc.*, 702 F.2d 585, 586-87 (5th Cir. 1983); *Ortega Garcia v. United States*, 986 F.3d 513, 522-23 (5th Cir. 2021).  When a complaint does not expressly cite Rule 9(h), courts "look to the 'totality of the circumstances' to determine if [the plaintiff] made the required 'simple statement' to 'properly invoke the district court's admiralty jurisdiction.'"  *Poincon v. Offshore Marine Contractors, Inc.*, 9 F.4th 289, 294 (5th Cir. 2021) (quoting *Bodden v. Osgood*, 879 F.2d 184, 186 (5th Cir. 1989)).  A Rule 9(h) designation is not necessary when a claim is cognizable only in admiralty.  *See* Fed. R. Civ. P. 9(h)(1).

Choosing to proceed "on the admiralty side" means that the case will proceed according to the federal court's admiralty jurisdiction, and certain procedural rules and substantive law will apply.  *See T.N.T. Marine*, 702 F.2d at 586-87.  For example, plaintiffs bringing claims under a court's admiralty jurisdiction are not entitled to a jury trial.  Fed. R. Civ. P. 38(e); *see T.N.T. Marine*, 702 F.2d at 587.  Relevant to this case, Rule 14(c) permits a defendant to implead "a third party defendant who may be wholly or partly liable – either to the plaintiff or to the third-party plaintiff – for remedy over, contribution, or otherwise on account of the same transaction, occurrence, or series of transactions or occurrences," but it only applies where "a plaintiff asserts an admiralty or maritime claim under Rule 9(h)."  Fed. R. Civ. P. 14(c)(1).

In certain cases, the Fifth Circuit interprets a plaintiff's assertion of admiralty jurisdiction as an election to proceed on the admiralty side of the court, regardless of whether the plaintiff also pleads another basis for jurisdiction.  *See, e.g.*, *T.N.T. Marine*, 702 F.2d at 587-88; *see also Ensco*

*Offshore*, 2024 WL 1801885, at *4.  However, having considered the totality of the circumstances in this case, the Court finds that Dennis's first amended complaint does not make a Rule 9(h) election to designate the asserted claims as admiralty claims, because: (1) she consistently indicated her intent to proceed under the Jones Act as a basis for the Court's jurisdiction; (2) she demanded a jury trial; and (3) none of her claims fall exclusively within the Court's admiralty jurisdiction.

The Fifth Circuit's decision in *Poincon v. Offshore Marine Contractors, Inc.*, is not only instructive but controls the outcome in this case.  There, the plaintiff was twice injured while working aboard a vessel – from a slip and fall in 2015, and from a collision with another vessel in 2018.  9 F.4th at 292-93.  She brought claims against her employer for Jones Act negligence, unseaworthiness, and maintenance and cure for both injuries.  *Id.* at 293.  She asserted only a negligence claim against the owner of the vessel that caused the 2018 collision giving rise to her 2018 injuries.  *Id.*  In her complaint, she stated that jurisdiction was "based on the Jones Act (46 U.S.C. § 30104, *et. seq.*), and under the general maritime law for general maritime negligence and unseaworthiness and for maintenance and cure," and she requested a jury.  *Id.* at 294.  The *Poincon* court held that "[i]n light of the totality of the circumstances, it is clear that [the plaintiff] Poincon did not elect admiralty jurisdiction, and therefore this is a civil case."  *Id.* (collecting cases).  It found no indication that the plaintiff intended to proceed in admiralty because (1) her complaint cited to the Jones Act as a basis for jurisdiction, thereby indicating her "desire to rely on federal question jurisdiction"; (2) her complaint included a jury demand, which "likewise signal[ed] a desire to proceed on the civil [or law] side of the district court"; and (3) she asserted only *in personam* claims, rather than *in rem* claims, meaning that none of her claims fell exclusively within admiralty jurisdiction.  *Id.* at 295.

9

Dennis, in her first amended complaint, states that "[j]urisdiction of this Court is invoked under the Jones Act and general maritime law,"[50] which statement is very similar to the jurisdictional statement in *Poincon*. *Id.* at 294. Dennis, like the plaintiff in *Poincon*, "cit[ed] to the Jones Act as a basis for jurisdiction [which] signals a desire to rely on federal question jurisdiction under 28 U.S.C. § 1331." *Id.* at 295. She also included a jury demand in her first amended complaint, which "signals a desire to proceed on the civil side of the district court." *Id.* This jury demand is especially significant in cases where Jones Act claims are brought along with traditional maritime claims like unseaworthiness, because the Supreme Court has expressly extended the Jones Act claimant's right to a jury trial to all such maritime claims arising out of a single set of facts. *See Fitzgerald v. U.S. Lines Co.*, 374 U.S. 16, 20-21 (1963).[51] Further, Dennis asserts no *in rem* claims, "so none of her claims fall exclusively within admiralty." *Poincon*, 9 F.4th at 295. Therefore, like the Jones Act plaintiff in *Poincon*, "[n]owhere in [Dennis's amended] complaint is there an indication that she wishes to proceed in admiralty." *Id.*

Westbank, relying on three cases, argues in opposition that Dennis's jurisdictional statement – which asserted jurisdiction "under the Jones Act and the general maritime law" – invoked this Court's admiralty jurisdiction under Rule 9(h). However, especially considering the Fifth Circuit's holding in *Poincon*, no case to which Westbank points convinces the Court that Dennis's complaint contains a Rule 9(h) election. First, this Court finds that the Fifth Circuit's holding in *Poincon* controls here over the holding and reasoning of *Smith v. Oceaneering Mobile Workforce LLC*. To be sure, *Smith* involves the scenario anticipated by the footnote in *Poincon*

---

[50] R. Doc. 18 at 1.

[51] Nonetheless, the *Poincon* court carefully noted that "[r]equesting a jury is not by itself dispositive," observing that "[h]ad Poincon made *a proper Rule 9(h) designation* and proceeded in admiralty, the district court could have simply denied Poincon's jury demand." 9 F.4th at 295 n.3 (emphasis added). But in Jones Act cases, "a proper Rule 9(h) designation," not the mere assertion of admiralty as an alternative basis for jurisdiction, is what it will take to proceed on the admiralty side of the court.

explaining that a Jones Act plaintiff may choose to withdraw a jury demand in favor of proceeding in admiralty.  Dennis has not done so in this case.  The other two cases are distinguishable.  The jurisdictional statement in *Ensco Offshore, LLC v. Cantium, LLC* grounded the federal court's jurisdiction on a maritime contract and, alternatively, a federal question.  *See Rex Oil, Ltd. v. M/V Jacinth*, 873 F.2d 82, 86 (5th Cir. 1989) ("Admiralty jurisdiction exists over any dispute involving maritime contract.").  And in *Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 345 (5th Cir. 1991), the plaintiffs brought an *in rem* action against a vessel, an action cognizable only in admiralty.  Again, following *Poincon*, these distinctions are crucial in a Jones Act case where the plaintiff has not made a proper Rule 9(h) election.

Westbank also contends that Dennis's Rule 9(h) election was "further crystalized," though, when she amended her complaint to remove reference to diversity jurisdiction.[52] However, the removal of the reference to diversity jurisdiction does not persuade the Court that, under the totality of the circumstances, Dennis elected to proceed in admiralty.  After all, the Jones Act has been the consistent basis for this Court's jurisdiction in every iteration of the complaint. Thus, Dennis's removal of diversity jurisdiction from her jurisdictional statement in her first amended complaint does not make any difference, given that federal-question jurisdiction remains a basis for the Court's subject-matter jurisdiction.

### B.  Dennis will be granted leave to file a second amended complaint.

The Court has found that Dennis's first amended complaint did not invoke this Court's admiralty jurisdiction.  Dennis now asks for leave to amend her complaint to "clarif[y] the jurisdictional basis on which [she] proceeds and expressly confirm[] that she has not elected to litigate this case under the Court's admiralty jurisdiction."[53]  Under Rule 15(a)(2), a court should

---

[52] R. Doc. 18 at 5.
[53] R. Doc. 36-3 at 1.

freely give leave to amend "when justice so requires," considering "(1) undue delay; (2) bad faith or dilatory motive on the part of the movant; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party by allowing the amendment, and (5) futility of amendment." *Jack v. Evonik Corp.*, 79 F.4th 547, 565 (5th Cir. 2023).

The Rule 15(a)(2) factors weigh in favor of permitting Dennis to amend her complaint. As an initial matter, Westbank does not argue that any of the Rule 15(a)(2) factors besides undue prejudice to the opposing party weigh against amendment. And it is not readily apparent to the Court that any of those other considerations should preclude granting Dennis's request for leave to amend. The Court does not see how there could be undue delay, as Dennis remains within the time permitted for amending her complaint in this Court's scheduling order.[54] There is no evidence or argument of Dennis's bad faith or dilatory motive. Westbank also does not argue that Dennis's amended complaint would be futile. And, although Westbank does argue that it would be prejudiced by Dennis amending her complaint to remove a Rule 9(h) election to proceed in admiralty, those arguments are now moot as the Court has found that Dennis made no such Rule 9(h) election. As a result, Dennis will be given leave to file her second amended complaint.

### C. The Court will strike Westbank's third-party complaint.

Finally, Dennis moves to strike and/or dismiss Westbank's third-party complaint because, she says, a Rule 14(c) tender is available only where a plaintiff asserts an admiralty or maritime claim pursuant to Rule 9(h). Westbank's opposition largely relies on its contention that Dennis's first amended complaint contained a Rule 9(h) election.

---

[54] R. Doc. 46 at 1 (ordering that amendments to pleadings shall be filed no later than June 4, 2026).

To the extent that Westbank's opposition relies on its contention that Dennis's operative complaint invokes admiralty jurisdiction pursuant to Rule 9(h), that argument fails. The Court found that Dennis's first amended complaint does not invoke admiralty jurisdiction. Further, Dennis's proposed second amended complaint, which this Court will permit to be filed, includes the following jurisdictional statement:

> Jurisdiction of this Court is invoked under 28 U.S.C. § 1331, specifically, the Jones Act, 46 U.S.C. § 30104 and the general maritime law. In addition, this Court has jurisdiction pursuant to 28 U.S.C. § 1332, because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. In addition, the Court has supplemental jurisdiction over all other claims that are so related pursuant to 28 U.S.C. § 1367.[55]

Dennis's proposed second amended complaint also includes a jury demand. For the same reasons that Dennis's first amended complaint does not invoke admiralty jurisdiction in accordance with Rule 9(h), the Court finds that her second amended complaint does not invoke admiralty jurisdiction.

"Third party claims under Rule 14(c) are only available in admiralty or maritime claims." *Teal*, 933 F.2d at 344 n.1. This Court has already held that Dennis has elected to bring her case at law, not in admiralty. The question becomes, then, whether Westbank can file a Rule 14(c) tender where Dennis has not made a Rule 9(h) election to proceed in admiralty. In this circuit, "[a] defendant may not 'emasculate the election given to the plaintiff by Rule 9(h)' simply by bringing counter-claims or third-party actions." *Great Lakes Ins., S.E. v. Gray Grp. Invs., LLC*, 2021 WL 5907710, at *2 (E.D. La. Dec. 14, 2021) (quoting *Harrison v. Flota Mercante Gancolombiana*, 577 F.2d 968, 987-88 (5th Cir. 1978)). It is plain, then, that Westbank's Rule 14(c) tender of the Cottrell brothers to Dennis is improper and must be stricken. *Cf. id.* at *3 (striking a party's jury demand after finding it to be improper).

---

[55] R. Doc. 36-4 at 2.

## IV.   CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Dennis's motion to strike and/or dismiss third-party complaint (R. Doc. 29) is GRANTED, and the Clerk of Court shall strike Westbank's third-party complaint (R. Doc. 21) as made pursuant to Rule 14(c).  Westbank shall have ten (10) days from the date of this Order to file any other third-party demand it may deem appropriate.

IT IS FURTHER ORDERED that Dennis's motion for leave to file a second amended complaint (R. Doc. 36) is GRANTED, and the Clerk of Court shall file Dennis's second amended complaint into the record of the captioned matter.

New Orleans, Louisiana, this 1st day of June, 2026.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

14