UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| AASHA DENNIS, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF THOMAS JOHNSON AND ON BEHALF OF HER MINOR CHILD, D.J. | * * * | CIVIL ACTION<br><br>NO. 25-1963<br><br>SECTION "M" (2) |
| VERSUS | * | |
| WESTBANK FISHING, LLC, ET AL. | * | |

### ORDER AND REASONS

Pending before me is a Motion to Quash filed by Plaintiff Aasha Dennis, as personal representative of the Estate of Thomas Johnson and on behalf of her minor child, D.J., seeking to quash the subpoena duces tecum issued by Defendant Westbank Fishing, LLC to non-party AT&T seeking cell phone records of Aasha Dennis and decedent Thomas Johnson and for a protective order prohibiting disclosure of irrelevant, disproportionate, privileged, private, and protected information. ECF No. 49. Defendant timely filed an Opposition Memorandum, and Plaintiff timely filed a Reply Memorandum. ECF Nos. 52, 54. No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, the Motion to Quash is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

### I.     BACKGROUND

On August 28, 2025, Thomas Johnson, a crewmember on the F/V FRANCIS T. CARINHAS, sustained fatal injuries from a stabbing that occurred onboard the vessel. ECF No. 48 ¶ 5. As personal representative of Johnson's estate and on behalf of his minor child, Plaintiff filed this survival and wrongful death action against Westbank Fishing, LLC. ECF No. 48.

1

Plaintiff asserts claims of negligence, failure to provide maintenance and cure, and unseaworthiness. *Id.* ¶¶ 8-12. Defendant Westbank Fishing, LLC filed a Third-Party Complaint for indemnity and contribution against Josiah Cottrell, Timothy Cottrell and David Cottrell. ECF No. 50.

The Court's May 12, 2026, Scheduling Order establishes a trial date of March 29, 2027, with a discovery deadline of February 22, 2027. ECF No. 46.

## II.    **The Discovery Dispute**

Defendant Westbank Fishing issued a subpoena duces tecum to AT&T[1] seeking cell phone records for plaintiff and decedent from April 1 through August 30, 2025, specifically records of incoming and outgoing calls, text messages, emails, multimedia messages, mobile data usage, cell-site activations, tower/site records, E911 data, GPS-location data, IP-address information, subscriber identifiers, billing information, device-identifying information including ESN/IMSI/IMEI/TMSI information, engineering maps, and records for other phones on the account. *See* ECF No. 52-6 at 2-5; *see also* ECF No. 49 at 1.

Plaintiff asserts that the subpoena is overbroad in terms of both substantive records sought and time. ECF No. 49 at 2. Plaintiff argues that her phone records have no possible relevance to Defendant's negligent hiring, the condition of the vessel, or the delayed medical care. *Id.* For both her and Johnson's records, Plaintiff asks that, if the Court does not quash subpoena, it be limited to the two-day period of August 27 through 29, 2025. *Id.*; *see also* ECF No. 49-1 at 6-10. She argues that this is a classic fishing expedition seeking months of private communications and location information that is not justified by the claims and defenses. ECF No. 49-1 at 2-5. Plaintiff

---

[1] ECF No. 49. Although both parties refer to AT&T subpoenaed, the subpoena is actually directed to New Cingular Wireless PCS, LLC (ECF No. 52-6 at 1), which appears to be the AT&T mobile operating subsidiary.

also argues that the subpoena is facially overbroad, disproportionate to the needs of the case, and seeks information with no conceivable relevance. *Id.* at 5-6.

In Opposition, Defendant argues that the subpoena seeks raw data in a format familiar to the provider, not the content of text messages or phone conversations. ECF No. 52 at 3-6. It argues that this information is relevant to Plaintiff's quantum of damages requested, sources of income and support payments, frequency of contact between Plaintiff and decedent, and decedent's contacts or interactions with the Cottrell brothers. *Id.* at 2. Defendant asserts that Plaintiff's statement to the district attorney indicates that she exchanged text messages and spoke with decedent in the hours before his death, but the text messages were not produced by her in discovery, and other discovery failed to provide responsive information and revealed inconsistencies regarding Plaintiff's claimed relationship with decedent and whether decedent had any other heirs. *Id.* at 2-3 (citing ECF Nos. 52-3, 52-4 at 4-5), 4-6.

Defendant argues that the records of texts between Plaintiff and decedent are relevant to both liability and damages, and the request covers one fishing season and is thus narrowly drawn. ECF No. 52 at 4, 6. It distinguishes the cases relied upon by Plaintiff because this subpoena seeks only raw data, not content of messages, and those cases did not involve inconsistent or incomplete discovery responses. *Id.* at 7-8. Defendant also argues that Plaintiff lacks standing to seek to quash the subpoena because she does not possess the data, the raw data does not implicate any privacy interest, and only the respondent can raise objections based on burden. *Id.* at 4, 8-9.

Plaintiff replies, arguing Defendant's characterization of the information as "raw data" does not eliminate the privacy, relevancy or proportionality concerns. ECF No. 54 at 1, 3-5. She argues that a five-month period of location information and all communications is overbroad, and she is gathering her text messages with decedent and will produce same. *Id.* at 2, 6. Plaintiff

contends that cell phone raw data will not reveal income or other financial matters suggested by Defendant and requests that, if the subpoena is not quashed, it be restricted to a two-day period. *Id.* at 6-10.

## III.   **APPLICABLE LAW**

### A.  **Standard for Discovery**

Courts have broad discretion in discovery matters.[2]  Rule 26(b)(1) of the Federal Rules of Civil Procedure permits parties to obtain in discovery "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."   In assessing proportionality, the court should consider the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  FED. R. CIV. P. 26(b)(1).

Rule 26(b) is not, however, "a license to engage in an unwieldy, burdensome, and speculative fishing expedition."[3]  While relevancy in the discovery context is broader than in the trial context, that legal tenet should not be misapplied to allow fishing expeditions in discovery.[4] Thus, while the discovery rules are accorded broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials,[5] discovery does have "ultimate and necessary boundaries."[6]  Rule 26 instructs the court to limit the extent of discovery if the proposed discovery is outside the scope allowed under Rule 26(b)(1).  FED. R. CIV. P. 26(b)(2)(C)(iii).

---

[2] *Crosswhite v. Lexington Ins. Co.*, 321 F. App'x 365, 367 (5th Cir. 2009) (quoting *Scott v. Monsanto, Co.*, 868 F.2d 786, 793 (5th Cir. 1989)).
[3] *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011) (citation omitted).
[4] *Trident Mgmt. Grp., LLC v. GLF Constr. Corp.*, No. 16-17277, 2017 WL 3011144, at *4 (E.D. La. July 14, 2017) (citations omitted); *see also*; *Ganpat v. E. Pac. Shipping, PTE, Ltd.*, 611 F. Supp. 3d 305, 311 (E.D. La. 2020) (Morgan J. (quoting *Crosby*, 647 F.3d at 264).
[5] *Herbert v. Lando*, 441 U.S. 153, 176 (1979) (citations omitted).
[6] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).

### B. Rule 45 Subpoena

Discovery is obtained from parties in accordance with Rules 26-37 of the Federal Rules of Civil Procedure and from non-parties pursuant to Rule 45. Rule 45 provides additional protections to non-parties. Specifically, the party issuing a subpoena to a non-party "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." FED. R. CIV. P. 45(d)(1). And, although governed in the first instance by Rule 45, non-party subpoenas are also subject to the parameters of Rule 26.[7]

"Both Rules 45 and 26 authorize the court to modify a subpoena duces tecum when its scope exceeds the boundaries of permissible discovery or otherwise violates the parameters of Rule 45."[8] A subpoena may be quashed or modified if the subpoena "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." FED. R. CIV. P. 45(d)(3)(A).

### C. Standing

Absent a personal right or privilege with respect to the subpoenaed materials, a party generally does not have standing to quash a subpoena duces tecum issued to a third party because the party is not in possession of the materials subpoenaed.[9] Further, a party "cannot challenge a Rule 45 subpoena directed to a third party on the basis that . . . the subpoena is overly broad, or

---

[7] *In re Application of Time, Inc.*, No. 99-2916, 1999 WL 804090, at *7 (E.D. La. Oct. 6, 1999), *aff'd,* 209 F.3d 719 (5th Cir. 2000).

[8] *Hahn v. Hunt*, No. 15-2867, 2016 WL 1587405, at *2 (E.D. La. Apr. 20, 2016) (citing FED. R. CIV. P. 45(d)(3); 26(c)(1)(D)), *aff'd*, No. 15-2867, 2016 WL 6518863 (E.D. La. Nov. 2, 2016).

[9] *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979) (citations omitted) (ruling movants lacked standing because they were not in possession of the materials subpoenaed and had no personal right or privilege in the materials subpoenaed); *Bounds v. Cap. Area Fam. Violence Intervention Ctr., Inc.*, 314 F.R.D. 214, 218 (M.D. La. 2016) ("Parties have limited standing to quash subpoenas served on non-parties pursuant to Rule 45." (citation omitted)); *Black v. DMNO, LLC*, No. 16-02708, 2018 WL 488991, at *2 (E.D. La. Jan. 19, 2018) ("[I]n order to challenge the subpoena, the movant must be: in possession or control of the requested material; be the person to whom the subpoena is issued; or have a personal right or privilege in the subject matter of the subpoena." (citations omitted)).

that the subpoena seeks information that is irrelevant because only the responding third party can object and seek to quash a Rule 45 subpoena on those grounds."[10]  Although a party does not have standing under Rule 45 to challenge burden or relevance in the absence of a personal right or privilege with respect to the materials subpoenaed, a party does have standing to challenge relevance under Rule 26(c).[11]

### D. **Motion to Quash**

The person filing the motion to quash bears the burden of proof to demonstrate that compliance would impose undue burden or expense.[12]  To determine whether the subpoena presents an undue burden, the Fifth Circuit considers the following factors: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed.[13]  "Whether a burdensome subpoena is reasonable must be determined according to the facts of the case, such as the party's need for the documents and the nature and importance of the litigation."[14]  "Further, if the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party."[15]  Modification is generally preferable to quashing outright.[16]

---

[10] *Salmon v. Waffle House, Inc.*, No. 19-1349, 2020 WL 6708382, at *2 (E.D. La. Nov. 16, 2020) (citing *Frazier v. RadioShack Corp.*, No. 10-855, 2012 WL 832285, at *1 (M.D. La. Mar. 12, 2012)).

[11] *Bounds*, 314 F.R.D. at 218 ("Nevertheless, a party has standing to move for a protective order pursuant to Rule 26(c) seeking to limit the scope of discovery, even if the party does not have standing pursuant to Rule 45(d) to bring a motion to quash a third-party subpoena." (citing *Singletary v. Sterling Transp. Co.*, 289 F.R.D. 237, 240 n. 2 (E.D. Va. 2012); *Auto–Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005); *Washington v. Thurgood Marshall Acad.*, 230 F.R.D. 18, 22 (D.D.C. 2005))).

[12] *See Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004) (citation omitted); *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (finding party resisting discovery must show why each discovery request is not relevant or otherwise objectionable (citation omitted)).

[13] *Wiwa*, 392 F.3d at 818 (citations omitted).

[14] *Id.* (citation modified).

[15] *Id.* (citation omitted).

[16] *Id* (citing *Tiberi v. CIGNA, Ins. Co.*, 40 F.3d 110, 112 (5th Cir. 1994); *Linder v. Nat'l Sec. Agency*, 94 F.3d 693, 698 (D.C. Cir. 1996) ("[M]odification of a subpoena is generally preferred to outright quashing . . . .")).

### E.  **Standard for Protective Order**

Although a party does not have standing under Rule 45 to raise certain challenges, a party does have standing to challenge relevance under Rule 26(c).[17]  A party may not, however, use a motion for Rule 26(c)(1) protective order to enforce, on a non-party's behalf, Rule 45(c)'s geographical limits or compliance time requirements.  These non-party-specific protections go beyond and are separate from the scope of discovery issue that fall within the parameters of a Rule 26(c)(1) protective order.[18]

Under Rule 26, a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  FED. R. CIV. P. 26(c)(1).  Rule 26 offers a variety of potential options that the court may use to protect the moving party, including forbidding or limiting the scope of discovery into certain matters or requiring that a trade secret or other confidential commercial information not be revealed or be revealed in only a certain way.  *Id.* at 26(c)(1)(D), (G).  A district court may exercise its sound discretion in determining how far to restrict discovery, and in particular, the decision whether to grant or deny a request for a protective order is entrusted to the district court's sound discretion.[19]  The trial court enjoys wide discretion in setting the parameters of a protective order.[20]

## IV.  **ANALYSIS**

Courts in this district have repeatedly recognized a personal privacy interest in cell phone records.[21]  Plaintiff's privacy interest includes an interest in records of communications, including

---

[17] *Louisiana Corral Mmgt., LLC v. Axis Surplus Ins. Co*., 650 F. Supp. 3d 491, 501 (E.D. La. 2023); *Bounds*, 314 F.R.D. at 218.

[18] *See Jim S. Adler, P.C. v. McNeil Consultants, LLC*, No. 19-2025, 2022 WL 1624785, at *2 (N.D. Tex. May 23, 2022) (citation omitted).

[19] *Nguyen v. Excel Corp*., 197 F.3d 200, 209 n.27 (5th Cir. 1999) (citations omitted).

[20] *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) ("To be sure, Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required.").

[21] *See, e.g., Savoie v. Inland Dredging Co., LLC*, No. 20-2294, 2022 WL 1238678, at *2 (E.D. La. Apr. 27, 2022); *Scott v. Complete Logistical Servs., LLC*, No. 19-11672, 2021 WL 2402161, at *2 (E.D. La. June 11, 2021) (citations

her location.[22]  Thus, contrary to Defendant's contention, Plaintiff has standing to seek relief.  Even if Rule 45 standing were an issue, Rule 26 would provide an alternative basis for standing to seek the requested relief.  That standing, however, does not give Plaintiff the ability to raise certain objections (e.g., burden, geographic limitations) as same rest solely with the respondent.

Plaintiff correctly recognizes that a subpoena demanding every incoming or outgoing text message without regard to the parties involved or the content (or subject matter) of the messages would be a patently overbroad fishing expedition compelling production of information with no conceivable relevance to any claim or defense.  ECF No. 49-1 at 5-6.  As such, it would exceed the permissible bounds of Rule 26.  The subpoena duces tecum in this case, however, does not seek content.  As Defendant  asserts, the subpoena seeks production of "records" of cell phone communications, not the content of any communication.

In the criminal law context, the Stored Communications Act distinguishes between compelling production of cell phone "records" versus "content" of communications.  18 U.S.C. § 2703.  A warrant reflecting probable cause is required by § 2703(b) to obtain "content" while "records" under § 2703(c) may be obtained upon a lesser showing by application articulating reasonable grounds to believe the records are relevant and material to an ongoing criminal investigation.[23]  Cell phone providers are thus familiar with the difference between a request for "content" versus "records."

The subpoena duces tecum (ECF No. 52-6) demands certified copies of cell phone records "identifying any and all incoming and outgoing calls, text messages, e-mails, multi-media

---

omitted), *aff'd*, 2021 WL 3013111 (E.D. La. July 16, 2021); *Howard v. Seadrill Ams., Inc.*, No. 15-2441, 2016 WL 7012275, at *2-3 (E.D. La. Dec. 1, 2016) (citation omitted); *Winter v. Bisso Marine Co.*, No. 13-5191, 2014 WL 3778833, at *1-2 (E.D. La. July 29, 2014) (collecting cases); *see also Blackmon v. Bracken Constr. Co.*, No. 18-142, 2019 WL 5866070, at *3 (M.D. La. Nov. 8, 2019) (citations omitted).

[22] *See Carpenter v. United States*, 585 U.S. 296, 309-10 (2018) (recognizing an individual's privacy interest in historical cell site location data).

[23] *See id.* at 317; § 2703(d).

messages and mobile data usage which occurred between April 1, 2025 through August 30, 2025 pertaining to" two telephone numbers, 228-223-7847 and 769-296-4426.  ECF No. 52-6 at 2-5. Production of records of calls, logs, emails, and other data should not include content. Presumably, once Defendant obtains the "records" of these communications, it may narrow its inquiry to seek content of specified communications at particular times on specified days.  Thus, this subpoena for records appears to be a preliminary step to avoid the precise fishing expedition Plaintiff objects to in her motion.

Defendant's request for five months of data, however, is excessive.  Absent any justification for seeking such information for that period, the subpoena will be modified to restrict the requested time period to July 1 through August 31, 2025.

## V.    CONCLUSION

Defendant's subpoenas for records, not content, of cell phone communications is not an improper fishing expedition.   Rather, Defendant has limited its request for records of communication over a five-month fishing season.  After Defendant obtains the logs identifying calls or text messages, it presumably will conduct more targeted discovery with regard to particular communications.  At this time, however, the subpoena appears to seek only "records" and not "content."  Thus, Plaintiff's objection fails.  To the extent, however, that the subpoena can be read to require production of "content," such a request would be impermissibly overbroad as it would demand production of documents not relevant to any claim or defense and invade Plaintiff's privacy interest be improper.

Accordingly, for the foregoing reasons,

IT IS ORDERED that the Motion to Quash (ECF No. 49) is GRANTED IN PART AND DENIED IN PART.   The subpoena duces tecum is modified to make clear that it compels

9

production of only "records" of cell phone communications, not the content of any such communication, for the period of July 1 through August 31, 2025.

New Orleans, Louisiana, this ___25th___ day of June, 2026.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

10