UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

AASHA DENNIS, as personal representative          CIVIL ACTION
of the estate of Thomas Johnson and on
behalf of her minor child, D.J.                   NO. 25-1963

VERSUS                                            SECTION M (2)

WESTBANK FISHING, LLC

## ORDER & REASONS

Before the Court is the motion[1] of plaintiff Aasha Dennis to strike or, alternatively, dismiss

the third-party complaint[2] filed by defendant Westbank Fishing, LLC ("Westbank").  Westbank

responds in opposition,[3] and Dennis replies in further support of her motion.[4]  Having considered

the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons

denying the motion.

## I.      BACKGROUND

On August 28, 2025, Thomas Johnson, a crewmember on the F/V *Francis T. Carinhas*,

sustained fatal injuries from a stabbing that occurred onboard the vessel.[5]  Dennis, as the

representative of Johnson's estate and the legal guardian of her minor child D.J., Johnson's sole

heir, instituted this survival and wrongful death action against Westbank, the owner of the vessel,

on September 20, 2025.[6]  In Dennis's original complaint, she named as defendants Timothy

Cottrell, David Cottrell, and Josiah Cottrell (the "Cottrell brothers"), who, she alleged, committed

---

[1] R. Doc. 56.
[2] R. Doc. 50.
[3] R. Doc. 58.
[4] R. Doc. 59.
[5] R. Docs. 18 at 2; 50 at 2-3.
[6] R. Docs. 1; 18 at 1; 50 at 3.

the stabbing.[7]  On March 4, 2026, this Court granted Dennis's motion to dismiss the Cottrell brothers from the action.[8]  Then, on March 9, 2026, Dennis filed an amended complaint asserting claims against Westbank for Jones Act negligence, for failure to render prompt and proper medical care in violation of the Jones Act and general maritime law, and for unseaworthiness in violation of general maritime law.[9]

Westbank filed an answer to the amended complaint on April 2, 2026.[10]  In addition to denying liability, it asserted a third-party demand against the Cottrell brothers pursuant to Federal Rule of Civil Procedure 14(c), which permits a defendant in an admiralty or maritime action to tender a third-party defendant directly to the plaintiff.[11]  Dennis moved to strike and/or dismiss Westbank's Rule 14(c) tender, arguing that, in her complaint, she had not elected to proceed in admiralty and thus Westbank's Rule 14(c) tender was improper.[12]  She also sought leave to file a second amended complaint.[13]  This Court granted the motion, including both of Dennis's requests, permitting Dennis to file a second amended complaint and striking Westbank's third-party demand.[14]  The Court, in its order granting Dennis's motion, declared that "Westbank shall have ten (10) days from the date of this Order to file any other third-party demand it may deem appropriate."[15]

On June 12, 2026, ten days after the Order was entered, Westbank filed a third-party complaint against the Cottrell brothers pursuant to Rule 14(a) of the Federal Rules of Civil

---

[7] R. Doc. 1 at 2-3, 6.
[8] R. Doc. 15.
[9] R. Doc. 18 at 2-5.
[10] R. Doc. 21.
[11] *Id.* at 1-9.
[12] R. Doc. 29.
[13] R. Doc. 36.
[14] R. Doc. 47.
[15] *Id.* at 14.

2

Procedure.[16]  Westbank's third-party complaint asserts two claims for relief: contribution (Count I) and indemnity (Count II).[17]  Westbank's contribution claim alleges that, to the extent it "is liable to Dennis … for the damages arising from the death of Thomas Johnson," the Cottrell brothers "are solely liable for the same injury and death" because they "committed an intentional tort that killed Thomas Johnson," so Westbank may "seek[] contribution from [the Cottrell brothers] for a proportionate share of any liability," since "[u]nder principles of maritime law and equity, [the Cottrell brothers] should bear responsibility proportionate to [their] fault."[18]  Westbank's indemnity claim alleges that the Cottrell brothers' "intentional tortious conduct was the primary, sole, and active cause of death"; that "[i]t would be inequitable for [Westbank] to bear the ultimate liability for [the Cottrell brothers'] intentional tort"; and that Westbank "should not bear financial responsibility for [the Cottrell brothers'] wrongful actions and Westbank should therefore be indemnified by the Cottrell brothers."[19]

Dennis then filed the present motion to strike or dismiss Westbank's third-party complaint.

## II.    PENDING MOTION

In her motion, Dennis asserts that, although this Court's June 2, 2026 order gave Westbank 10 days to file another third-party demand, the Court's "language did not exempt Westbank from the Federal Rules of Civil Procedure or the Scheduling Order."[20]  Dennis argues that, because Westbank did not file its third-party complaint within 14 days of serving its original answer, it must be stricken for violating Rule 14(a).[21]  She next observes that Westbank's third-party complaint was filed after June 4, 2026, the deadline for third-party actions set out in the scheduling

---

[16] R. Doc. 50.
[17] *Id.* at 4-6.
[18] *Id.* at 4.
[19] *Id.* at 5.
[20] R. Doc. 56-1 at 4-7 (quote at 5).
[21] *Id.* at 4-5.

order entered on May 12, 2026.[22]  As a result, urges Dennis, Westbank needed to seek leave of court or make a showing of good cause to modify the scheduling order prior to filing its new third-party complaint.[23]  Since Westbank did not seek leave of court or move to amend the scheduling order, Dennis submits that Westbank's third-party complaint must be stricken as untimely.[24] Dennis insists further that, even if Westbank had sought leave of court or moved to amend the scheduling order, Westbank's third-party complaint would be inappropriate insofar as it would prejudice Dennis.[25]  Specifically, says Dennis, the third-party complaint against the Cottrell brothers would raise issues related to the Cottrell brothers' criminal defense strategy, Fifth Amendment privileges, and service of pleadings to incarcerated defendants.[26]  Dennis argues that the prejudice is "especially acute" in the wake of this Court's previous ruling striking Westbank's Rule 14(c) tender because, according to Dennis, after this Court's previous ruling, she "should not be required to try her direct claims against Westbank in a case transformed into a collateral criminal-intentional-tort dispute among Westbank and three accused assailants."[27]

In opposing Dennis's timeliness argument, Westbank submits that, because the Court's June 2 order expressly authorized the filing of a third-party demand within 10 days of the entry of the order, it is irrelevant that its third-party demand was technically filed outside of Rule 14(a)(1)'s 14-day window.[28]  Westbank does not specifically address any prejudice that Dennis alleges she might face as a result of the third-party complaint.  Dennis replies that the Court's statement in its June 2 order permitting Westbank to file a third-party demand within 10 days did not expressly authorize the filing of such a complaint, but "simply recognized that the Rule 14(c) ruling did not

---

[22] *Id.* at 6 (citing R. Doc. 46 at 1).
[23] *Id.* at 6-7.
[24] *Id.* at 4-7.
[25] *Id.* at 7-9.
[26] *Id.* at 8.
[27] *Id.*
[28] R. Doc. 58 at 2-4.

foreclose every conceivable third-party theory."[29]   Dennis also reiterates the perceived prejudice that she would endure if the Cottrell brothers were named as third-party defendants in the action.[30]

In her motion, Dennis next contends that Westbank's third-party complaint must be dismissed because the claims, insofar as they allege that the Cottrell brothers are the sole cause of Dennis's damages, are actually a defense, not the kind of claims for derivative liability contemplated by Rule 14(a).[31]   With respect to Westbank's contribution claim, Dennis argues that "Westbank's pleading does not explain why the Cottrell brothers are liable over to Westbank" for Westbank's Jones Act negligence, failure to render prompt and proper medical care, or unseaworthiness, and thus Westbank has not appropriately stated an impleader claim.[32]   With respect to Westbank's indemnity claim, Dennis submits that "Westbank pleads none of the recognized bases for maritime indemnity" in the Fifth Circuit.[33]

Westbank, in its opposition, maintains that Dennis's "argument misunderstands the nature of contribution and indemnity claims."[34]   Westbank argues that, to the extent that it is held liable to Dennis for Johnson's death, "the Cottrell brothers are liable to Westbank for contribution and indemnity because their intentional tortious conduct caused Johnson's death."[35]   According to Westbank, contribution and indemnity are "classic Rule 14(a) claim[s]."[36]   Westbank further contends that its Rule 14(a) claims are not precluded by this Court's ruling on its Rule 14(c) tender because the Rule 14(c) tender was stricken for procedural reasons, not because Westbank had no substantive claim for contribution or indemnity.[37]   And, finally, Westbank asserts that its

---

[29] R. Doc. 59 at 2.
[30] *Id.* at 8.
[31] R. Doc. 56-1 at 9-10.
[32] *Id.* at 10.
[33] *Id.* at 10-11 (quote at 11).
[34] R. Doc. 58 at 4.
[35] *Id.* at 4-5.
[36] *Id.* at 5.
[37] *Id.*

contribution and indemnity claims survive dismissal because maritime law permits such claims where an employer faces Jones Act or unseaworthiness liability for the intentional tortious conduct of a third party.[38]  Westbank acknowledges that "the Fifth Circuit [has] departed from tort indemnity under maritime law" in favor of comparative fault, but it urges that, under a comparative-fault system, a defendant is entitled "to contribution (or partial indemnity) from co-tortfeasors" when comparative fault is applied.[39]

In her reply, Dennis agrees that "maritime law permits contribution among joint tortfeasors," but she urges that contribution "requires common legal liability to the plaintiff or an independent obligation running to the party seeking contribution."[40]  She argues that Westbank's third-party complaint is deficient because it "does not plead that the Cottrell brothers share legal liability for those same duties or owe Westbank an independent reimbursement duty."[41]

## III.    LAW & ANALYSIS

### A.  The Court will not strike Westbank's third-party complaint for Westbank's failure to seek leave of court or as a result of any perceived prejudice to Dennis.

The Court will not strike or dismiss Westbank's third-party complaint for its supposed failure to seek leave of court or to move to amend the scheduling order because this Court's June 2 order expressly gave Westbank permission to file a third-party demand within 10 days of the order.

The Court provided Westbank this additional time to file a third-party demand that complied with its ruling because the Court recognized that Westbank's original attempt at a third-party complaint – its Rule 14(c) tender – was, although procedurally improper, not unreasonably

---

[38] *Id.*
[39] *Id.* at 6.
[40] R. Doc. 59 at 6.
[41] *Id.* at 7-8.

filed.  To be sure, after Dennis named and then dismissed the Cottrell brothers as defendants, Westbank timely instituted a third-party action against the Cottrell brothers following the filing of Dennis's amended complaint.  Only because Westbank's third-party complaint was filed pursuant to Federal Rule of Civil Procedure 14(c), an action only available in admiralty procedure, was the third-party complaint dismissed.  And while Westbank's position that Dennis's first amended complaint contained a Rule 9(h) election to proceed in admiralty did not ultimately prevail, it was by no means unreasonable.  Although Dennis argues that Westbank should be precluded from filing a third-party complaint because it could prejudice her, the Court perceives no more undue consequences flowing from the Cottrell brothers' presence in this suit as parties than will follow from their role as indispensable witnesses.  After all, it is their conduct that is at the heart of this case.  Consequently, the Court will not strike or dismiss Westbank's third-party complaint on the basis of Dennis's procedural argument.

**B.  Westbank's impleader of the Cottrell brothers is proper under Rule 14(a).**

Pursuant to Federal Rule of Civil Procedure 14(a)(1), "[a] defending party may, as a third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it."  A third-party claim cannot be maintained against a defendant simply because the third-party claim "'rise[s] out of the same general set of facts as the main claim.'"  *Se. Mortg. Co. v. Mullins*, 514 F.2d 747, 749 (5th Cir. 1975) (quoting *United States v. Joe Grasso & Son, Inc.*, 380 F.2d 749, 751 (5th Cir. 1967)); *see also Hanover Ins. Co. v. Superior Lab. Servs., Inc.*, 316 F.R.D. 179, 183 (E.D. La. 2016).  Instead, impleader under Rule 14(a) is permissible "only when the third party defendant's potential liability is dependent upon the outcome of the main claim."  *Se. Mortg. Co.*, 514 F.2d at 749; *see also Hanover Ins. Co.*, 316 F.R.D. at 183; 6 WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 1446 (3d ed. 2026) [hereinafter WRIGHT & MILLER].  Further, impleader is proper only where a right to relief exists

7

under the applicable substantive law. *Gen. Dynamics Corp. v. Adams*, 340 F.2d 271, 278-80 (5th Cir. 1965); 6 WRIGHT & MILLER § 1446.  A defendant may not implead someone under Rule 14(a) who is solely liable to the plaintiff; instead, a judgment against a third-party defendant must inure to the benefit of the third-party plaintiff.  6 WRIGHT & MILLER § 1446; *see also 425 Notre Dame, LLC v. Kolbe & Kolbe Mill Work Co.,* 151 F. Supp. 3d 715, 720 (E.D. La. 2015).

Where a defendant has a right to contribution or indemnity under the applicable substantive law, impleader under Rule 14(a) is a proper vehicle by which a defendant can seek such relief from nonparties.  *Martco Ltd. P'Ship v. Bruks Inc.*, 430 F. App'x 332, 334-35 (5th Cir. 2011); *see also* 6 WRIGHT & MILLER § 1448.  The relevant question, then, is whether there exists to Westbank a viable claim for either contribution or indemnity against the Cottrell brothers for the claims Dennis asserts against Westbank.  At this stage, on the limited factual record and briefing before the Court, the Court finds that it does and, consequently, will not strike or dismiss Westbank's third-party complaint.

Under the Jones Act and the general maritime law, damages are apportioned among joint tortfeasors in accordance with principles of comparative fault.  *United States v. Reliable Transfer Co.,* 421 U.S. 397, 411 (1975).  However, even though damages are apportioned to joint maritime tortfeasors only in accordance with their share of responsibility, those tortfeasors are jointly and severally liable with one another to the plaintiff.  *Coats v. Penrod Drilling Corp.*, 61 F.3d 1113, 1116, 1122 (5th Cir. 1995) (*en banc*) (declining to "replac[e] joint and several liability in the general maritime law with modified joint liability").  This much is true even where the plaintiff is contributorily negligent. *Id.* at 1121-22.  The Fifth Circuit has explained that "[f]or more than a century, general maritime law has held joint tortfeasors jointly and severally liable for all of the plaintiff's damages suffered at their hand," so that "[u]nder that rule, the risk of noncollection is

borne by the defendants." *Id.* at 1116.  "The plaintiff can collect [her] entire judgment from a single defendant, leaving to the defendants allocation of fault among themselves." *Id.*  The rule thus operates to the benefit of plaintiffs in maritime tort cases.

Although joint maritime tortfeasors are jointly and severally liable, a tortfeasor held responsible to a plaintiff for more than his proportionate share of fault has a claim for recovery against his co-tortfeasor(s).  *See, e.g.*, *Conti 11. Container Schiffahrts-GmbH & Co. KG v. New Orleans Terminal, LLC*, 2016 WL 409610, at *6 (E.D. La. Feb. 3, 2016) ("'Under general maritime law, an alleged tortfeasor may seek contribution, indemnity, or apportionment from one who may be comparatively negligent or a joint tortfeasor.  Maritime contribution law provides for apportionment of joint tortfeasors' liability according to principles of comparative fault.'") (alterations omitted) (quoting *Ondimar Transportes Maritimos, LTDA v. Beatty St. Props., Inc.*, 2008 WL 45793, at *3 (S.D. Tex. Jan. 2, 2008), *aff'd*, 555 F.3d 184 (5th Cir. 2009)); *see also* 1 THOMAS J. SCHOENBAUM, ADMIRALTY AND MARITIME LAW § 5:8 (7th ed. 2025) [hereinafter SCHOENBAUM]; 2 BENEDICT ON ADMIRALTY § 3a, at 1-6 (2013).  "Contribution in admiralty is the mirror image of admiralty comparative negligence."  1 SCHOENBAUM § 5:8, at 334.  It thus follows logically that "[t]here is no right of contribution or indemnity under admiralty law unless the third-party defendant is directly liable to the plaintiff."  *Thompson v. Yellow Fin Servs., LLC*, 2016 WL 3997060, at *1 (E.D. La. July 26, 2016) (citing *Simeon v. T. Smith & Son, Inc.*, 852 F.2d 1421, 1434 (5th Cir. 1988)).

Dennis asserts tort claims against Westbank under the Jones Act and general maritime law, pursuant to theories of negligence and vicarious liability based in large part on the actions of the Cottrell brothers.  Specifically, Dennis asserts claims against Westbank for Jones Act negligence, failure to provide prompt and adequate medical care and/or cure, and unseaworthiness.  Westbank,

9

in turn, seeks contribution and indemnity from the Cottrell brothers for the intentional tort they allegedly committed against Johnson. Specifically, in its third-party complaint, Westbank "seeks contribution from [the Cottrell brothers] for a proportionate share of any liability" it faces in connection with Dennis's claims and states that the Cottrell brothers "are solely liable for the same injury and death."[42]

As previously discussed, a defendant can seek contribution from a third-party defendant against whom the plaintiff has a cause of action and who could be jointly liable with the defendant. So, if Dennis could assert a viable claim against the Cottrell brothers, Westbank can implead the Cottrell brothers on a theory of contribution. Because Dennis indeed could bring a viable claim against the Cottrell brothers, Westbank can implead them.

While a seaman has no cause of action against his co-employee for negligence, *Ca. Home Brands, Inc. v. Ferreira*, 871 F.2d 830, 835 (9th Cir. 1989); *see also Pearson v. Rowan Cos.*, 674 F. Supp. 558, 559 (E.D. La. 1987); 1 SCHOENBAUM § 6:19, at 553, he does have an action against his employer for damages arising from his co-employee's negligence under the Jones Act. 46 U.S.C. § 30104(a); 1 SCHOENBAUM § 6:20, at 554. Yet, an employer held liable for Jones Act negligence generally cannot seek contribution or indemnity from the employee whose *negligence* gave rise to a plaintiff-seaman's damages. 1 SCHOENBAUM § 6:19, at 553; *see also Ferreira*, 871 F.2d at 835; *Thompson*, 2016 WL 3997060, at *1 (following *Ferreira*, acknowledging that "[i]n *Withhart* [*v. Otto Candies, L.L.C.*, 431 F.3d 840, 845 (5th Cir. 2005)], the Fifth Circuit distinguished *Ferreira* [with respect to a claim for property damage], but did not disagree with its holding [in a personal injury case]"). Courts which bar Jones Act employers from seeking contribution or indemnity from their negligent employees typically (and correctly) reason that

---

[42] R. Doc. 50 at 4.

10

because a seaman has no cause of action under the Jones Act or general maritime law for a co-employee's negligent act, the Jones Act employer cannot seek contribution or indemnity from the co-employee. *Thompson*, 2016 WL 3997060, at \*1; *Ferreira*, 871 F.2d at 835.

The difference here is the nature of the Cottrell brothers' alleged conduct – an *intentional tort*. Courts recognize that a plaintiff can "bring a general maritime negligence claim against a co-employee arising out of intentional tort." *Pearson*, 674 F. Supp. at 560-61; *see also* 1 SCHOENBAUM, § 6:19, at 553 & n.9. And, in fact, in her original complaint, Dennis did assert a claim against the Cottrell brothers for their intentional tort.[43] Thus, Dennis's own prior pleading in this case underscores the point that, on the facts alleged in Dennis's second amended complaint (which are the same facts underlying her original complaint), Dennis could have brought a general maritime law claim against the Cottrell brothers arising out of their intentional tort as well as a Jones Act negligence claim against Westbank. That she did not continue to press an intentional tort claim against the Cottrell brothers in her second amended complaint does not mean that Westbank could not be held jointly and severally liable for all the damages resulting from the Cottrell brothers' tortious conduct and Johnson's death, less any portion of such damages attributable to Johnson's own negligence. *Simeon*, 852 F.2d at 1430-32; *Coats,* 61 F.3d at 1122. Therefore, because Dennis could have brought a claim against the Cottrell brothers, and because Westbank can be held jointly and severally liable to Dennis for the tortious actions of the Cottrell brothers, Westbank has a claim for contribution against the Cottrell brothers for their comparative fault. As a result, Westbank's Rule 14(a) impleader is not procedurally improper.

Dennis urges this Court to dismiss Westbank's third-party complaint because "Westbank's pleading does not explain why the Cottrell brothers are liable over to Westbank" for Westbank's

---

[43] R. Doc. 1 at 6.

11

liability to Dennis, principally because Westbank asserts that the Cottrell brothers are solely liable for Johnson's death, which Dennis says is inconsistent with the theory of contribution.[44]  But a complaint need not be "a model of the careful drafter's art," *Skinner v. Switzer*, 562 U.S. 521, 530 (2011), and, where a party asserts multiple claims and/or defenses, each claim and defense need not be consistent with one another.  Fed. R. Civ. P. 8(d)(3).  And "[i]f a party makes alternative statements [of a claim or defense], the pleading is sufficient if any one of them is sufficient."  Fed. R. Civ. P. 8(d)(2).  While Westbank does assert that the Cottrell brothers are solely liable for Johnson's death, it also claims that the Cottrell brothers "should bear responsibility proportionate to [their] fault."[45]  This Court finds that this assertion is sufficient to state a claim for contribution against the Cottrell brothers for their share of comparative fault given the joint and several liability Westbank faces on Dennis's claims.  Thus, Westbank has plausibly stated its third-party claim.[46]

## IV.    CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Dennis's motion to strike or, alternatively, dismiss Westbank's third-party complaint (R. Doc. 56) is DENIED.

New Orleans, Louisiana, this 21st day of July, 2026.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

[44] R. Doc. 56-1 at 10.

[45] R. Doc. 50 at 4.

[46] In light of the Court's holding with respect to contribution, the Court will not strike or dismiss Westbank's third-party demand.  The ultimate availability of any tort indemnity is best left for decision at a later date on a more developed factual record, especially since it is unnecessary to resolve this issue for purposes of the present motion.