UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| AASHA DENNIS, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF THOMAS JOHNSON AND ON BEHALF OF HER MINOR CHILD, D.J. | * | CIVIL ACTION |
| | * | NO. 25-1963 |
| VERSUS | * | SECTION "M" (2) |
| WESTBANK FISHING, LLC, ET AL. | * | |

**ORDER AND REASONS**

Pending before me is Plaintiff Aasha Dennis's Motion to Compel. ECF No. 66. This Court previously denied in part the motion, precluding discovery directed to Timothy, David, and Josiah Cottrell (collectively, the "Cottrell Brothers") or that would implicate the Cottrell Brothers' Fifth Amendment privileges. ECF No. 83. The Court left open the motion as to any matters not related to the Cottrell Brothers or their Fifth Amendment privileges. *Id*. Defendant Westbank Fishing, LLC ("Westbank" or "Defendant") timely filed an Opposition Memorandum. ECF No. 84. Plaintiff filed a Reply Memorandum. ECF No. 85. Westbank sought and was granted leave to file a Surreply Memorandum. ECF Nos. 86–88. Neither party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, the Motion to Compel is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

## I. BACKGROUND

On August 28, 2025, Thomas Johnson, a crewmember on the F/V FRANCIS T. CARINHAS, sustained fatal injuries after allegedly being stabbed by his co-workers, the Cottrell Brothers, while onboard the vessel. ECF No. 48 ¶ 5. As personal representative of Johnson's

estate and on behalf of his minor child, Plaintiff filed this survival and wrongful death action against Westbank. *Id.* ¶ 3. Plaintiff asserts claims of negligence, failure to provide maintenance and cure, and unseaworthiness. *Id.* ¶¶ 8-12. Westbank filed a Third-Party Complaint for indemnity and contribution against the Cottrell Brothers. ECF No. 50. It also asserted affirmative defenses that the Cottrell Brothers acted outside the course and scope of their employment, the intentional torts were unforeseeable, and Westbank lacked privity or knowledge. ECF No. 21, at 1–3.

The Court's May 12, 2026, Scheduling Order set a trial date of March 29, 2027, with a discovery deadline of February 22, 2027. ECF No. 46. Plaintiff issued discovery, and Westbank responded on May 18, 2026, and later provided a privilege log. ECF Nos. 66-4, 66-5, 66-6. After engaging in a pre-filing Rule 37 conference, Plaintiff filed this motion to compel. ECF Nos. 66, 66-7, 66-8.

Westbank sought to stay the matter in light of the pending criminal proceeding against the Cottrell Brothers. ECF No. 64*; see also* ECF No. 82, at 3. The Honorable Barry W. Ashe granted in part and denied in part the Motion to Stay, ordering that no discovery directed to the Cottrell Brothers or that would implicate their Fifth Amendment privileges be allowed but allowing discovery on matters unrelated to the Cottrell Brothers and their possible Fifth Amendment privileges (e.g., discovery about the incident from other witnesses, Westbank's hiring and training policies, and Westbank's immediate response to the incident). ECF No. 82, at 11-12, 17.

## II. THE DISCOVERY DISPUTE

Plaintiff seeks to compel more complete responses to Requests for Production Nos. 1-2, 5, 8, 10-12, 15, 36-41, 44-45, 49-50, 54-57, 60-61, and 64-66, challenges the sufficiency of the responses to Requests for Admission Nos. 6, 8, 10, 15-21, 26-28, 54, 67 and 68, and challenges the failure to answer unspecified interrogatories related to the denials of Requests for Admission

Nos. 49-53 and 57-60. ECF Nos. 66, at 1–3; 66-1, at 19–20. Plaintiff argues that Westbank submitted discovery responses that contain improper, blanket objections and incomplete or evasive answers, has refused to produce financial information, and has improperly invoked work product or confidentiality to shield thirteen recorded statements and eight Release from Loss and Damage Agreements over which Defendant asserts work product and/or confidentiality objections. ECF Nos. 66-1, at 2-4; 66-4. Plaintiff argues: (1) that Defendant has not established that work product applies and, even if it did, its substantial needs justify production, (2) settlement agreements are not protected by discovery simply because they contain a confidentiality provision, and (3) the other requested records are relevant and discoverable. ECF No. 66-1, at 11-14. Plaintiff also seeks Westbank's financial records. *Id*. at 8, 15. Plaintiff also argues that Westbank's responses to the Requests for Admission are insufficient. *Id*. at 11, 17-19.

In Opposition, Westbank asserts that its supplement (ECF Nos. 84-1, 84-3) has fully complied with discovery consistent with Judge Ashe's limitation, but Plaintiff is simply unhappy with the responses. ECF No. 84, at 1-2. For the most part, Westbank maintains its objections. *Id*. at 2-13. It argues that production of the Certificate of Entry is adequate for its insurance because it does not possess the club's rules as same are publicly available on the Steamship Mutual Underwriting Association Limited's website, settlement agreements are not relevant to this litigation (or at the very least, should be redacted), and the argument that punitive damages are not available to justify discovery of financial information is improper. *Id*. at 3-4, 8-10.

In Reply, Plaintiff argues that the motion was necessary to force Westbank to comply with its discovery obligations. ECF No. 85, at 1. She explains that Westbank made a supplemental production in response to Plaintiff's motion, rendering Plaintiff's initial requests for relief as to Requests for Admission Nos. 8, 16, 18–21, 26–28, and 67–68 and Requests for Production Nos.

36–41 and 45 moot. *Id.* But Plaintiff asserts that there are still categories of dispute. Plaintiff argues that the revised privilege log remains deficient, motion briefing does not replace Rule 34 responses, and categories of still-disputed discovery should be produced. *Id.* at 2–7. She continues to object to Westbank's written responses to some discovery requests. *Id.* at 8–10.

In its Surreply, Westbank argues that it has acted in a timely fashion in supplementing its discovery responses based on the procedural irregularities of this case. ECF No. 88, at 1–3. Westbank asserts that Plaintiff has not demonstrated her need for the witness statements or settlement releases. *Id.* at 4. Further, Westbank argues that merely pleading a claim for punitive damages does not open the door to years of financial statements. *Id.* at 5–6.

## III. APPLICABLE LAW AND ANALYSIS

### A. Standard for Discovery

Courts have broad discretion in discovery matters.[1] Rule 26(b)(1) of the Federal Rules of Civil Procedure permits parties to obtain in discovery "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." In assessing proportionality, the court should consider the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.[2]

A party served with requests for production must either state that it will produce the documents within its actual or constructive possession, custody or control, or state with specificity the grounds for objection, including the reasons.[3] Any objection must state whether any responsive

---

[1] *Crosswhite v. Lexington Ins. Co.*, 321 F. App'x 365, 367 (5th Cir. 2009).
[2] FED. R. CIV. P. 26(b)(1).
[3] *Id.* 34(a)(1) & (b)(2)(B).

documents have been withheld.[4]

**B. Boilerplate Objections**

Courts throughout the country have long interpreted the federal rules to prohibit general, boilerplate objections.[5] Boilerplate objections use standardized, ready-made or all-purpose language without regard to the particular discovery request.[6] General objections refer to objections that a party responding to discovery asserts are applicable to multiple individual requests set forth in a given set of discovery requests.[7] A general objection untethered to specific requests (and is thus also a boilerplate objection) is improper.[8] The objection must state how it "relates to the particular request being opposed, and not merely that it is overly broad and burdensome or oppressive or vexatious or not reasonably calculated to lead to the discovery of admissible evidence."[9] Any objection must clearly state how the information sought is not relevant to any claim or defense, or how the request is overbroad, burdensome or oppressive.[10] Further, objections interposed without indicating whether any document is being withheld are improper.[11]

---

[4] *Id*. 34(b)(2)(C).

[5] *See Chevron Midstream Pipelines LLC v. Settoon Towing LLC*, No. 13-2809, 2015 WL 269051, at *3 (E.D. La. Jan. 21, 2015) (noting that an objection is boilerplate and insufficient "when it merely states the legal grounds for the objection without: (1) specifying how the discovery request is deficient and (2) specifying how the objecting party would be harmed if it were forced to respond."); *see also McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485-86 (5th Cir. 1990) (citation omitted) (explaining that simply objecting to requests as "overly broad, burdensome, oppressive and irrelevant," without showing "specifically how . . . each [request] is not relevant or how each question is overly broad, burdensome or oppressive" is inadequate to "voice a successful objection").

[6] *See, e.g.*, *Tim Long Plumbing, Inc. v. Kinsale Ins. Co.*, No. 20-42, 2020 WL 6559869, at *3 (E.D. Tex. Nov. 9, 2020) (providing examples for boiler plate language, such as "Defendant objects to this Request, as it is overly broad and vague" and "Defendant objects to this Request to the extent it seeks discovery of information that is irrelevant and not proportional to the needs of the case"); *Amazing Ins., Inc. v. DiManno*, No. 19-1349, 2020 WL 5440050, at *5 (E.D. Cal. Sept. 10, 2020) ("Objections are typically deemed 'boilerplate' when they are identical and not tailored to the specific discovery request.").

[7] *Grider v. Keystone Health Plan Cent., Inc.*, 580 F.3d 119, 134 n.16 (3d Cir. 2009).

[8] *See DL v. Distrist of Columbia*, 251 F.R.D. 38, 43 (D.D.C. 2008) (citation modified) ("When faced with general objections, the applicability of which to specific document requests is not explained further, this Court will not raise objections for the responding party, but instead will overrule the responding party's objections on those grounds.").

[9] *Cheshire v. Air Methods Corp*, No. 15-933, 2015 WL 7736649, at *2 (W.D. La. Nov. 30, 2015) (citation modified).

[10] *Chevron*, 2015 WL 269051 at *3.

[11] *Id.* at *4 (holding that objections fall woefully short of objecting party's burden when party objected to documents and information protected by privilege but did not describe whether any documents were withheld or the nature of withheld documents).

A party withholding information by claiming privilege or work product "***must*** (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."[12] The "privilege log's description of each document and its contents must provide sufficient information to permit courts and other parties to 'test[ ] the merits of' the privilege claim."[13] Proper substantiation of a privilege objection imposes an evidentiary burden, and the party asserting the objection must prove that each document it has withheld is privileged, and it cannot rely merely on a blanket assertion of privilege.[14] The party asserting privilege bears the burden of proof sufficient to substantiate its claims.[15]

Defendant's boilerplate objections are overruled. Likewise, any objection based on attorney-client privilege or work product must also include the identification of any responsive document withheld on that basis, logged by title, date, recipients, and subject matter sufficient to enable the court to discern whether privilege properly applies.

**C. <u>Insurance Policies</u>**

In response to Request for Production No. 1 seeking copies of complete policies, including endorsements, exclusions and declaration pages, for any primary, excess and umbrella policies, Defendant provided a Certificate of Entry and Acceptance for the F/V FRANCIS T. CARHINIAS.

---

[12] FED. R. CIV. P. 26(b)(5) (emphasis added).

[13] *EEOC v. BDO USA, L.L.P.*, 876 F.3d 690, 697 (5th Cir. 2017) (quoting *United States v. El Paso Co.*, 682 F.2d 530, 541 (5th Cir. 1982); *N.L.R.B. v. Interbake Foods, LLC*, 637 F.3d 492, 502 (4th Cir. 2011) (citation modified) ("When a party relies on a privilege log to assert these privileges, the log must as to each document set forth specific facts that, if credited, would suffice to establish each element of the privilege or immunity that is claimed.").

[14] *Jordan v. Aries Marine Corp.*, No. 14-377, 2015 WL 151336, at *3 (E.D. La. Jan. 12, 2015); *Woodard v. Andrus*, No. 03–2098, 2008 WL 2540600, at *3 (W.D. La. June 20, 2008); *In re Shell Oil Refinery*, 812 F.Supp. 658, 661 (E.D.La.1993))).

[15] *United States v. Newell*, 315 F.3d 510, 525 (5th Cir. 2002); *In re Santa Fe Int'l Corp.*, 272 F.3d 705, 710 (5th Cir. 2001); *Hodges, Grant & Kaufman v. United States*, 768 F.2d 719, 721 (5th Cir. 1985).

ECF No. 66-5, at 1. Defendant asserts that it is a member of a Protection and Indemnity club, it only maintains the certificate and does not have a copy of the club's rules, which are publicly available on the Steamship Mutual Underwriting Association Limited's website. ECF No. 84, at 3.

The obligation to produce documents includes production of documents both within the party's actual possession as well as its constructive possession. Thus, if Defendant has the ability to obtain the document, it must do so and produce same. And while Defendant asserts that the rules are publicly available, Plaintiff should not have to guess that she has searched the website and obtained the proper version of the rules governing Defendant's insurance.

The motion to compel as to Request for Production No. 1 will be granted. Defendant must obtain and produce its insurance policy or applicable rules.

**D. <u>Work Product: Witness Statements</u>**

Rule 26(b)(3) of the Federal Rules of Civil Procedure governs the disclosure of documents prepared in anticipation of litigation and provides:

> Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:
>
> (i) they are otherwise discoverable under Rule 26(b)(1); and
>
> (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

The work product doctrine protects two categories of materials: ordinary work-product and opinion work product.[16]

[16] *Piatkowski v. Abdon Callais Offshore, L.L.C.*, No. 99-3759, 2000 WL 1145825, at *1 (E.D. La. Aug. 11, 2000).

Ordinary work product is generally immune from discovery unless the party seeking disclosure "has a substantial need for the material in order to prepare for trial and is unable without undue hardship to obtain the substantial equivalent of the material by other means" or another exception applies (i.e., waiver of immunity or the use of work product by a client to commit a crime or fraud).[17] Opinion work product, however, is immune from disclosure unless an exception applies or "extraordinary circumstances" warrant disclosure.[18] A lawyer's analysis and mental processes are thus afforded broader protection than ordinary work product, because an attorney's analysis could be replicated by opposing counsel and is usually inadmissible in evidence at trial.[19] Underlying factual information, on the other hand, that relates directly to disputed issues is usually discoverable in forms that do not reveal the lawyer's analysis and strategy.[20]

**1. Prepared in Anticipation of Litigation**

"Work product is not an umbrella that shades all materials prepared by a lawyer, or agent of the client. It focuses only on materials assembled and brought into being in anticipation of litigation."[21] Excluded from work-product protection are materials assembled in the ordinary course of business[22] or documents simply reflecting underlying facts.[23] The Fifth Circuit has described the standard for determining whether a document has been prepared in anticipation of litigation:

> It is admittedly difficult to reduce to a neat general formula the relationship between preparation of a document and possible litigation necessary to trigger the protection of the work product doctrine. We conclude that litigation need not necessarily be imminent, as some courts have suggested, as long as the primary motivating

[17] Restatement (Third) of The Law Governing Lawyers §§ 88, 91, & 93 (A.L.I. 2024).
[18] *Id*. at § 89.
[19] *Id*. at § 87 cmt. b.
[20] *Id*.
[21] *Piatkowski*, 2000 WL 1145825, at *2.
[22] *El Paso Co*., 682 F.2d at 542.
[23] *Upjohn Co. v. United States*, 449 U.S. 383, 395–96 (1981).

> purpose behind the creation of the document was to aid in possible future litigation.[24]

Investigatory reports,[25] witness statements[26] and photographs/videos[27] have been deemed work product where such documents were created in anticipation of litigation.

In making the fact-specific inquiry as to whether a particular document is work product, "courts consider the primary motivating purpose behind the creation of the document, more so than the timing of production of that document."[28] This requires a determination, based upon evidence and not mere argument, that the principal factor motivating the creation of the document was anticipation of litigation or preparation for trial, as opposed to ordinary business practice. To carry its burden to establish work product protection, the party claiming the privilege

> must substantiate all actual assertions about the claim. This burden is not satisfied by representations in supporting memoranda. Instead, this burden is usually met through supporting affidavits from individuals with personal knowledge of the relevant facts, exhibits attached to the motion and briefs, discovery responses, pleadings and other undisputed facts. . . . To the extent that evidentiary support for the factual basis of the privilege is not forthcoming, the claim is little more than a bald, conclusory, or *ipse dixit* assertion. The court should deny such an assertion because it forecloses meaningful independent inquiry by the finder of facts (the judge) into the validity of the claim. . . . Although an attorney's word may be "taken on its face," a privilege claim is not self-executing. It requires more proof than a conclusion by the party asserting the claim (or his attorney) that it is justified.[29]

---

[24] *United States v. Davis*, 636 F.2d 1028, 1040 (5th Cir. Unit A 1981) (citations omitted); *accord In re Kaiser Alum. & Chem. Co*., 214 F.3d 586, 593 (5th Cir. 2000).

[25] *See, e.g., Blais v. A. R. Cheramie Marine Mgmt., Inc*., No. 12-2736, 2013 WL 4039434, at *1–2 (E.D. La. Aug. 7, 2013) (finding investigatory report prepared beyond ordinary company policy-required documents to be protected by work product).

[26] *See, e.g., In re Rainbow Marine Contractors, Inc.,* No. 09-4516, 2010 WL 3023363, at *2 (E.D. La. July 30, 2010) (finding witness statement protected by work product).

[27] *See, e.g., King v. Odeco, Inc*., 95-31171, 1997 WL 33367, at *3 (5th Cir. Jan. 8., 1997) (affirming district court's ruling that photographs were protected as work product); *In re Katrina Canal Breaches Consol. Litig*., No. 05-4182, 2008 WL 4974886, at *2–3 (E.D. La. Nov. 20, 2008); *In re Double Eagle Marine, L.L.C.*, No. 04-2162, 2006 WL 8456195, at *3 (E.D. La. Aug. 14, 2006) (concluding that photographs of drilling rig taken after accident were work product).

[28] *Houston Cas. Co. v. Supreme Towing Co*., No. CV 10-3367, 2012 WL 13055045, at *3 (E.D. La. Sept. 17, 2012).

[29] Paul R. Rice, 2 *Attorney-Client Privilege in the United States* § 11:11 (Dec. 2025 upd.).

It is not dispositive that the person who prepared the documents is not an attorney. Rule 26(b)(3)(A) protects from discovery materials prepared by a party's agent, as long as they are prepared in anticipation of litigation or for trial. An investigator is an agent for purposes of Rule 26(b)(3) and the work product doctrine.[30]

Mere proximity in time between the subject incident, the taking of the statement and the commencement of litigation – while a factor to be considered – is not alone determinative. The work product "privilege can apply where litigation is not imminent, as long as the primary motivating purpose behind the creation of the document was to aid in possible future litigation."[31] But just because "a document is prepared when litigation is foreseeable does not mean the document was prepared in anticipation of litigation."[32] "Establishing that a document was prepared after litigation was commenced is insufficient to prove that the document was prepared in anticipation of litigation. . . . What is crucial is that 'the primary motivating purpose behind the creation of the document was to aid in possible future litigation.'"[33]

To determine the primary motivation for the creation of documents, the court should weigh factors such as "retention of counsel and his involvement in the generation of the document," if it "was a routine practice to prepare that type of document," and if the document was prepared in response to a certain incident.[34] "The law is settled that 'excluded from the work product doctrine are materials assembled in the ordinary course of business, or pursuant to public requirements

[30] *United States v. Nobles*, 422 U.S. 225, 238–39 (1975); *Crosswhite*, 321 F. App'x at 369; *In re Katrina*, 2008 WL 4974886, at *2–3.
[31] *Udoewa v. Plus4 Credit Union*, 457 F. App'x 391, 393 (5th Cir. 2012) (quoting *In re Kaiser Alum.*, 214 F.3d at 593) (internal quotations omitted).
[32] *Arkwright Mut. Ins. Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 19 F.3d 1432, 1994 WL 58999, at *3 (6th Cir. 1994).
[33] *Robinson v. Tex. Auto. Dealers Ass'n*, 214 F.R.D. 432, 449 (E.D. Tex. 2003) (quoting *In re Kaiser Alum*., 214 F.3d at 593), *rev'd on other grounds*, 2003 WL 21911333 (5th Cir. July 25, 2003); *accord Global Oil Tools, Inc. v. Barnhill*, No. 12-1507, 2013 WL 1344622, at *6 (E.D. La. Apr. 3, 2013); *Guzzino v. Felterman*, 174 F.R.D. 59, 63 (W.D. La. 1997).
[34] *Piatkowski*, 2000 WL 1145825, at *2

unrelated to litigation.'"[35] "If the document would have been created regardless of whether the litigation was also expected to ensue, the document is deemed to be created in the ordinary course of business and not in anticipation of litigation."[36]

**2. Burden Shifting**

By asserting work product, Defendant bears the burden of proof sufficient to substantiate its claims.[37] When the party resisting discovery carries its evidentiary burden of establishing work product protection from discovery, the burden then shifts back to the party seeking discovery to establish that the materials are nevertheless discoverable, for example, by proving waiver of work product protection or, for ordinary work product, establishing both substantial need and undue hardship.[38]

Substantial need for discovery of work product material exists when it contains information that can only be found in the material itself.[39] The existence of a viable alternative to invading work product will generally negate a finding of substantial need.[40] With regard to witness statements, unavailability of the witness is considered an especially compelling factor weighing in favor of production of protected materials.[41] However, more than a broad, unsubstantiated assertion of unavailability or faulty memory is needed to compel production. The movant must

[35] *Guzzino*, 174 F.R.D. at 63 (quoting *El Paso Co*., 682 F.3d at 542 ); *accord* 8 WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 2024 (3d ed. Apr. 2026 upd.); *see also Hill Tower, Inc. v. Dep't of Navy*, 718 F. Supp. 562, 565 (N.D. Tex. Oct. 11, 1988) ("The mere fact this report deals with facts, opinions, and recommendations that later may be the focus of litigation does not establish that there was the expectation of litigation when this document was drafted.") (emphasis omitted).
[36] *Global Oil Tools*, 2013 WL 1344622, at *6 (citation modified).
[37] *Newell*, 315 F.3d at 525; *In re Santa Fe*, 272 F.3d at 710; *Hodges*, 768 F.2d at 721.
[38] FED. R. CIV. P. 26(b)(3); *Hodges*, 768 F.2d at 721; *In re Int'l Sys. & Controls Corp. Secs. Litig*., 693 F.2d 1235, 1240 (5th Cir. 1982); *In re Blessey Enters., Inc*., No. 08-235, 2009 WL 5915367, at *1 (M.D. La. Dec. 7, 2009), *aff'd*, 2010 WL 610669 (Feb. 19, 2010).
[39] *In re Int'l Sys.*, 693 F.2d at 1241.
[40] *King*, 1997 WL 33367, at *3.
[41] *Am. River Transp. Co. v. M/V BOW LION*, No. 03-1306, 2005 WL 144777 at *2 (E.D. La. Jan. 19, 2005); *see also S. Ry. Co. v. Lanham*, 403 F.2d 119, 127 (5th Cir. 1968) (deceased victims were unable to provide evidence relevant to plaintiff's claim).

make a particularized showing that a witness cannot recall the event in question or is unavailable to establish undue hardship.[42] When a party has not yet attempted to depose the witness in question, a finding of undue burden and insubstantiality of a functional equivalent is improper.[43] Thus, discovery of work product will be denied if the information sought can be obtained through normal discovery.[44] The court has discretion in balancing all relevant factors to determine if 26(b)(3) is met.[45]

At this time, production of the witness statements regarding the August 28, 2025 incident is not required. Although Westbank did not provide an affidavit to support its invocation of privilege, it asserts that Thomas Johnson was stabbed on August 28, 2025, Plaintiff filed suit three weeks later on September 20, 2025, and Westbank's litigation counsel took the referenced witness statements as part of their investigation just over a year later, on August 29, 2026. ECF Nos. 1; 84, at 4-5; 84-2. There is no basis to suggest that Westbank's litigation counsel's obtaining witness statements were collected in the ordinary course of business rather than to defend the pending litigation. These facts thus establish that Westbank has properly invoked the work product doctrine.

In light of the fact that these witnesses provided statements to the Plaquemines Parish Sheriff's Office nearer to the incident, which statements are in Plaintiff's possession, and Plaintiff has not demonstrated that these witnesses could not recall the event or lacked sufficient memory to answer relevant questions, Plaintiff has not carried her burden to establish substantial need for the statements. Should the statements given to the Plaquemines Parish Sheriff's Office be insufficient and the witnesses are unable to answer questions when deposed, an in camera

---

[42] *See In re Int'l Sys.*, 693 F.2d at 1240.
[43] *Hercules Liftboat Co. v. Rice*, No. 11-2111, 2012 WL 4483557, at *2–3 (W.D. La. Sept. 26, 2012).
[44] *Id.*
[45] *In re Int'l Sys.*, 693 F.2d at 1240.

inspection may be justified. At this point, however, an in camera inspection is not required as Plaintiff has not established substantial need for the discovery of ordinary work product materials. Further, to the extent the statements taken by counsel reflect counsel's mental processes, discovery is not allowed absent an exception or "extraordinary circumstances," which neither party has addressed.

Westbank does not, however, provide any evidence or other information surrounding the statement made by decedent Thomas Johnson relating to the 2024 incident aboard the M/V MARY VIRGINIA, which is listed twice on the privilege log. ECF No. 84-2, at 1–2. Because Westbank has failed to provide any evidence that Mr. Johnson's statement relating to the 2024 incident qualifies as work product or that his representative would not otherwise be entitled to his own statement, it has failed to carry its burden to establish that work product precludes the disclosure of that document.

For these reasons, Plaintiff's motion to compel as to Requests for Production Nos. 5 and 64 must be denied as to the August 28, 2025, incident statements, but is granted as to Mr. Johnson's statement regarding the 2024 incident.

### E. Settlement Agreements

Settlement agreements, even if declared confidential by the parties, are not privileged.[46] Indeed, federal courts regularly order the production of settlement agreements, so long as such agreements are relevant under Rule 26(b).[47] Courts must carefully police the circumstances under which legitimate areas of public concern are concealed, and a party should not be able to buy the

[46] *Greenfield Com. Credit, L.L.C. v. Catlettsburg Refin., L.L.C.*, No. 03-3391, 2006 WL 8456032, at *5 (E.D. La. Apr. 24, 2006).
[47] *TIGI Linea Corp. v. Pro. Prods. Grp., LLC*, No. 19-840, 2021 WL 1947341, at *7–8 (E.D. Tex. May 14, 2021); *see also Cleveland Constr. Inc. v. Whitehouse Hotel Ltd. P'ship*, No. 01-2666, 2004 WL 385052, at *1 (E.D. La. Feb. 25, 2004).

silence of witnesses with a settlement agreement when the facts of one controversy are relevant to another.[48] Thus, discovery of confidential settlement agreements is generally available under an appropriate protective order when same has any relevance to a pending claim or defense.[49]

Plaintiff correctly notes that settlement agreements are not privileged from discovery simply because the parties have agreed to confidentiality. ECF No. 66-1, at 7, 14. Westbank argues, however, that the settlement agreements are not relevant to any claim or defense. ECF No. 84, at 3-4. In its reply, Plaintiff explains that the agreements "may bear on bias, interest, cooperation, confidentiality, or other obligations affecting testimony." ECF No. 85, at 3–4. Because the settlement agreements are relevant to witness bias, production under a protective order is warranted. For that reason, the motion to compel as to Request for Production No. 2 is granted. The settlement agreements must be produced under a protective order.[50]

**F. <u>Financial Information</u>**

In response to Plaintiff's Request for Production No. 65 seeking all financial statements, including tax returns from August 2021 through date, Defendant objected based on relevance, overbreadth, and burden and directed Plaintiff to the current criminal investigation. ECF No. 66-5 at 18. Defendant's boilerplate objections are overruled.

Pre-judgment discovery regarding a defendant's financial condition is generally not proper.[51] However, when a party's financial condition or information is relevant to any claim or

[48] *Mendoza v. Old Republic Ins. Co.*, No. 16-17743, 2017 WL 636069, at *5 (E.D. La. Feb. 16, 2017).

[49] *St. Bernard Par. v. Lafarge N. Am., Inc.*, 914 F.3d 969, 975 (5th Cir. 2019); *see also Moore v. Wayne Smith Trucking Inc.*, No. 14-1919, 2015 WL 6438913, at *3–4 (E.D. La. Oct. 22, 2015) (holding that discovery of a settlement agreement is only appropriate if it is relevant to the instant litigation).

[50] The record does not reflect that the parties have filed a motion for entry of protective order. A sample protective order is available at http://www.laed.uscourts.gov/judges-information/judge/honorable-donna-phillips-currault.

[51] *F.T.C. v. Turner*, 609 F.2d 743, 745 (5th Cir. 1980) (noting that a private plaintiff may not discover an opponent's assets until after a judgment against the opponent has been rendered); *Seabulk Towing, Inc. v. Oceanografia S.A. de C.V.*, Misc. No. 01-3791, 2002 WL 1837855, at *1 (E.D. La. Aug. 8, 2002) ("Generally facts about the financial status of a party are not discoverable prior to obtaining a judgment against the party."); *see also FDIC v. LeGrand*, 43 F.3d 163, 172 (5th Cir. 1995) (finding that, in the context of postjudgment discovery, "relevance of the tax returns to a

defense and proportionate to the needs of the case, such discovery may be proper.[52] For instance, pre-judgment discovery of a party's assets is commonly allowed where there is a claim for punitive damages,[53] alter ego,[54] or pre-judgment attachment[55] or when the plaintiff places his or her income or earning capacity at issue.[56] Plaintiff asserts the need for the requested financial information to assess Defendant's financial condition because she asserts a claim for punitive damages based on her allegations that it willfully and wantonly failed to render first aid, timely evacuate Mr. Johnson, or summon emergency medical assistance. ECF Nos. 48 ¶ 9; 66-1, at 7–8.

Initially, it is far from clear whether Plaintiff's allegations suffice to support a claim for punitive damages.[57] And although a seaman may recover punitive damages when a vessel owner

---

judgment creditor is virtually presumed" because they "can verify the information provided by the judgment-debtor concerning his assets and income, and it can reveal a judgment-debtor's attempts to hide assets.").

[52] *See, e.g.*, *Liebmann v. Goden*, 629 F. Supp. 3d 314, 331 (D. Md. 2022) (noting that discovery into a defendant's assets or ability to satisfy a judgment is appropriate post-judgment discovery pursuant to Federal Rule of Civil Procedure 69(a)(2), but not pre-judgment), *aff'd sub nom. Rullan v. Goden*, No. 22-2099, 2023 WL 4787463 (4th Cir. July 27, 2023); *Corizon Health, Inc. v. CorrecTek, Inc.*, No. 17-35, 2017 WL 7693390, at *3 (W.D. Ky. Dec. 12, 2017) (quoting *Dickson v. Nat'l Maint. & Repair of Ky., Inc.*, No. 08-8, 2011 WL 2610195, at *1 (W.D. Ky. July 1, 2011)) (stating that Rule 26 ordinarily "will not permit the discovery of facts concerning a defendant's financial status, or ability to satisfy a judgment, since such matters are not relevant, and cannot lead to the discovery of admissible evidence"); *see also In re Classicstar Mare Lease Litig.*, MDL No. 1877, 2009 WL 1313311, at *3 (E.D. Ky. May 12, 2009) (finding that present financial condition and location of assets was not discoverable prior to judgment and was not a proper focus of prejudgment discovery under Rule 26); *Equinox Gallery Ltd. v. Dorfman*, No. 17-0230, 2018 WL 637764, at *1 (S.D.N.Y. Jan. 22, 2018).

[53] *Jackson v. Wilson Welding Serv., Inc.*, No. 10-2843, 2011 WL 5024360, at *2 n.2 (E.D. La. Oct. 20, 2011) (recognizing propriety of financial worth discovery based on punitive damages claim); *see also Wade v. Sharinn & Lipshie, P.C.*, No. 07-2838, 2009 WL 37521, at *1 (E.D.N.Y. Jan. 7, 2009) (permitting pretrial disclosure of financial information relevant to a determination of punitive damages); *Gersh v. Anglin*, No. 17-50, 2021 WL 461570, at *2 (D. Mont. Feb. 9, 2021) (noting that pre-judgment asset discovery is proper when complaint alleges malice and seeks punitive damages).

[54] *See, e.g., Mack Energy Co. v. Red Stick Energy, L.L.C.*, No. 16-1696, 2019 WL 3403369, at *1 (W.D. La. July 26, 2019).

[55] *See, e.g., Equinox Gallery*, 2018 WL 637764, at *2 (listing cases permitting pre-judgment asset discovery).

[56] *Butler v. Exxon Mobil Refin. & Supply Co.*, No. 07-386, 2008 WL 4059867, at *2 & n.5 (M.D. La. Aug. 28, 2008); *Campos v. Zurich Am. Ins. Co.*, No. 21-3923, 2022 WL 3647722, at *6 (W.D. La. Aug. 24, 2022) (ordering discovery of tax records or production of signed form authorizing release of same, in connection with disparate treatment claim); *Thai v. Miller Truck Lines, Inc.*, No. 05-1958, 2006 WL 2349605, at *1 (W.D. La. Aug. 11, 2006) (noting that courts routinely direct plaintiffs to execute authorizations for the release of medical, employment, and tax records in personal injury matters).

[57] When an employer receives a demand for maintenance, it is not required to immediately begin payments, but rather it may conduct a reasonable investigation of the claim and require corroboration without subjecting itself to compensatory or punitive damages. *Boudreaux v. Transocean Deepwater, Inc.*, 721 F.3d 723, 728 (5th Cir. 2013); *Brown v. Parker Drilling Offshore Corp.*, 410 F.3d 166, 171 (5th Cir. 2005)

willfully fails to pay maintenance and cure to an injured seaman,[58] neither a seaman nor his survivor may recover punitive damages for a personal injury or wrongful death claim under either the Jones Act or general maritime law.[59]

Moreover, courts should be reluctant to order the disclosure of tax returns as they are considered "highly sensitive documents."[60] Courts allow discovery of tax returns when (1) "the requested tax information is relevant to the subject matter of the action; and" (2) "there is a compelling need for the information because the information contained in the tax returns is not otherwise readily obtainable through alternative forms of discovery."[61] Once the moving party has shown relevance, "the burden shifts to the party opposing production to show that other sources exist from which the information contained in the income tax returns may be readily obtained."[62]

The parties have not adequately briefed the issue regarding the availability of punitive damages in this case nor whether the information in the tax returns is otherwise readily obtainable through alternative forms of discovery. For that reason, the motion to compel as to Request for Production No. 65 is denied without prejudice at this time.

**G. <u>Other Requests for Production</u>**

Defendant's responses to Request for Production Nos. 10, 11 and 12 are ambiguous and fail to make clear whether it has withheld any requested documents. For No. 10, other than the

---

[58] *Atlantic Sounding Co. v. Townsend*, 557 U.S. 404, 409-11 (2009). The seaman faces a high burden to establish entitlement to punitive damages, requiring the employer's conduct to not merely be unreasonable but reflect bad faith or egregious behavior (i.e., callous and recalcitrant, arbitration and capricious or willful, callous and persistent). *Vaughn v. Am. Com. Barge Line, L.L.C.*, No. 23-30494, 2025 WL 2945812, at *5 (5th Cir. Oct. 17, 2025).

[59] *McBride v. Estis Well Serv., L.L.C.*, 768 F.3d 382, 391 (5th Cir. 2014) (en banc); *In re Magnolia Fleet, L.L.C.*, 722 F. App'x 353, 354 (5th Cir. 2018); *see also The Dutra Grp. v. Batterton*, 588 U.S. 358, 373–75 (2019) (citing *McBride* with approval and rejecting efforts to recover punitive damages for an unseaworthiness claim); *Miles v. Apex Marine Corp.*, 498 U.S. 19, 31 (1990) (holding recovery is limited to pecuniary damages on a wrongful death claim under general maritime law).

[60] *Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 2 F.3d 1397, 1411 (5th Cir. 1993).

[61] *Muslow v. Bd. of Supervisors of La. State Univ. & Agric. & Mech. Coll.*, No. 19-11793, 2021 WL 2853073, at *3 (E.D. La. July 8, 2021) (citation modified).

[62] *LeGrand*, 43 F.3d at 172; *see also Moller v. Martian Sales, Inc.*, No. 24-228, 2025 WL 3469807, at *7 (E.D. La. Dec. 3, 2025).

payroll and daily fishing records produced, Defendant must make clear whether it has in its actual or constructive possession, custody or control the remaining requested documents (i.e., vessel logs, deck logs, engine logs, master's logs, daily reports, personnel-on-board (POB) lists, tally books, weekly activity reports, fishing logs, watch schedules, and any other regularly-maintained records of the vessel's operations). Similarly, for Nos. 11 and 12, Defendant must either produce the requested documents or specifically identify them on the privilege log. Supplementation is required. With regard to Request for Production No. 15, any withheld documents must be identified on the privilege log.

Defendant responds to Requests for Production Nos. 44, 49, and 50 by indicating it "does not have responsive information" or "none." These responses are ambiguous. Each response must state that responsive documents will be produced, that no responsive documents exist in its actual or constructive possession, custody, or control after a reasonable search, or that specifically identified material is being withheld based on a particular objection. If Westbank has the ability to obtain the document upon request, it is within its constructive possession and must be produced. Westbank must supplement its answers to make clear whether any responsive documents have been located after reasonable search or whether same is being withheld based on a specified objection. Of course, the Court cannot compel a party to produce documents that do not exist.[63] But when an officer of the court represents that documents do not exist, courts may require a certification or "confirm[ation]" that the discovery at issue does not exist.[64] As to any response

[63] *Butler v. La. Dep't of Pub. Safety & Corrs.*, No. 12-420, 2014 WL 3867552, at *1 (M.D. La. Aug. 6, 2014); *Payne v. Forest River, Inc.*, No. 13-679, 2015 WL 1912851, at *4 (M.D. La. Apr. 22, 2015) ("The court cannot order the production of documents that no longer exist or, despite a diligent search, cannot be found in the possession, custody, or control of a party."); *Callais v. United Rentals N. Am., Inc.*, No. 17-312, 2018 WL 6517446, at *7 (M.D. La. Dec. 11, 2018) (same); *Terral v. Ducote*, No. 15-2366, 2016 WL 5017328, at *2 (W.D. La. Sept. 19, 2016) (same).

[64] *Nguyen v. La. State Bd. of Cosmetology*, No. 14-80, 2016 WL 67253, at *2 (M.D. La. Jan. 5, 2016) (requiring plaintiff to "confirm that the requested information does not exist"); *see Callais*, No. 2018 WL 6517446, at *7 (ordering qualified representative to provide a sworn certification that no responsive documents exist); *Brookshire v. Jackson Pub. Schs.*, No. 13-772, 2015 WL 11018443, at *1 (S.D. Miss. May 8, 2015) ("If the document does not exist,

indicating that documents do not exist, counsel must affirmatively certify that he has made a reasonable inquiry and exercised due diligence in reviewing all sources and attempting to locate responsive documents, but was unable to locate any responsive documents or information within his client's actual or constructive possession, custody or control.

Defendant's attorney-client and work product objections in response to Request for Production No. 50 are sustained in part and overruled in part. Defendant must produce any ordinary business records, reports, communications, and documents (e.g., requests for medical assistance, Mayday or distress signals, etc.) relating to Defendant's emergency response after the August 28, 2025 stabbing. Defendant need not, however, produce any reports or communications prepared in anticipation of litigation as opposed to prepared for ordinary business purposes.

The objections to Request for Production No. 55 are overruled. If the Cottrell Brothers were employees as asserted, Westbank should have employment applications, resumes, or routine hiring documents reflecting their position and pay rate. Information reflecting the dates of hire, length of employment, and whether the Cottrell Brothers have any ownership interest in Defendant are relevant to the claims and defenses asserted and must be produced.

The relevance objections to Requests for Production Nos. 56 and 66 are sustained, and the relevance objections are sustained in part and overruled in part as to Requests for Production Nos. 54 and 57. In response to No. 54, Westbank must provide an organization chart showing the chain of command within the company as to the F/V FRANCIS T. CARHINIAS. In response to No. 57, Westbank must provide any records, reports, and documents relating to any stabbings or other physical altercations involving the Cottrell Brothers in the last five years.

---

then Defendants are to certify that the document does not exist."); *Beasley v. First Am. Real Est. Info. Servs., Inc.*, No. 04-1059, 2005 WL 1017818, at *4 (N.D. Tex. Apr. 27, 2005) ("[D]efendant is entitled to an unequivocal representation . . . that the documents specified in this request for production do not exist.").

The objections to Requests for Production Nos. 60 and 61 are sustained. As a routine matter, litigation hold letters are privileged communications; thus, they are not discoverable.[65] The date of issuance of a litigation hold, however, is not protected. And any documents withheld based on privilege must be reflected on a privilege log, which properly completed would reflect the date of the litigation hold letter. Likewise, documents, communications, legal opinions and memoranda regarding Defendant's maintenance and cure decisions are likewise privileged. Should Defendant assert reliance on the advice of counsel defense, discovery would be proper.[66]

The objection to Request for Production No. 64 is sustained. Any responsive documents, however, must be properly identified on a privilege log.

**H. Requests for Admission**

Requests for admission are not principally discovery devices and are not a substitute for the discovery process used to uncover evidence.[67] "In form and substance a Rule 36 admission is comparable to an admission in pleadings or a stipulation drafted by counsel for use at trial, rather than to an evidentiary admission of a party."[68] Requests for admission allow litigants to winnow down issues before trial and focus their energy and resources on disputed matters.[69] Although

[65] *Edwards v. McDermott Int'l, Inc.*, No. 18-4330, 2021 WL 12296466, at *2 (S.D. Tex. Dec. 22, 2021); *see also Kinnett v. Hosp. Serv. Dist. No. One of Tangipahoa Par.*, No. 19-10690, 2020 WL 12761585, at *2 (E.D. La. Apr. 9, 2020) (distinguishing between fact and date of litigation hold versus litigation hold letter itself).

[66] *See In re Itron, Inc.*, 883 F.3d 553, 558 (5th Cir. 2018) (recognizing that a party waives the attorney-client privilege by "affirmatively relying on attorney-client communications to support an element of a legal claim or defense"); *see also In re Schlumberger Tech. Corp.*, 818 F. App'x 304, 307–08 (5th Cir. 2020) (noting that a party does not waive privilege by asserting good faith reliance on applicable law, regulation, and interpretations rather than advice of counsel); *Fucich Contracting, Inc. v. Shread-Kuyrkendall & Assocs., Inc.*, No. 18-2885, 2021 WL 1904859, at *4 (E.D. La. May 12, 2021).

[67] *In re Katrina Canal Breaches Consol. Litig.*, No. 05-4182, 2007 WL 1852184, at *2 (E.D. La. June 27, 2007).

[68] *Am. Auto. Ass'n (Inc.) v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1120 (5th Cir. 1991).

[69] *In re Katrina Canal Breaches*, 2007 WL 1852184, at *1.

Rule 36 requests for admission differ procedurally from interrogatories, the standards for discoverability of the information sought (e.g., relevance and proportionality) remain the same.

Rule 36 authorizes a party to request another party "to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1)" relating to facts, application of law to facts, or opinions about either.[70] The Fifth Circuit has explained that "Rule 36 allows litigants to request admissions as to a broad range of matters, including ultimate facts, as well as applications of law to fact."[71] "[R]equests for admission are properly used for facts or facts as applied to law, but not for pure legal conclusions."[72] A legal-related request for admission must connect the relevant legal proposition to specific facts and circumstances of the case.[73]

Rule 36 instructs litigants how to answer and object to requests for admission:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny. . . .
>
> The grounds for objecting to a request must be stated. A party must not object solely on the ground that the request presents a genuine issue for trial.[74]

The denial of a request for admission "as written" without further explanation is evasive and non-compliant with Rule 36.[75] When a responding party has semantic objections to how the requests for admission are drafted and its qualified denials are partial in nature, the party must identify, in

---

[70] FED. R. CIV. P. 36(a)(1)(A).
[71] *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001).
[72] *In re Katrina Canal Breaches*, 2007 WL 1852184, at *1 (quoting *Warnecke v. Scott*, 79 F. App'x 5, 6 (5th Cir. 2003).
[73] *See* FED. R. CIV. P. 36(a) advisory committee's notes to 1970 amendment ("The amended provision does not authorize requests for admissions of law unrelated to the facts of the case."); *see also Thompson v. Beasley*, 309 F.R.D. 236, 241 (N.D. Miss. 2015).
[74] FED. R. CIV. P. 36(a)(4)-(5).
[75] *XL Specialty Ins. Co. v. Bollinger Shipyards, Inc*., No. 12–2071, 2014 WL 295053, at *4 (E.D. La. Jan. 27, 2014).

good faith, the extent to which it admits the requests for admission.[76] General objections to requests for admission that are not addressed to specific requests to admissions are insufficient.[77]

Rule 37 does not provide for a motion to compel answers to Rule 36 nor does it contemplate a motion to deem requests admitted.[78] Instead, the requesting party may file a motion to determine the sufficiency of an answer or objection to its requests for admission.[79] Unless the court finds an objection justified, it must order that an answer be served, and if the court finds that an answer is noncompliant with the Federal Rules, it may order that the matter is admitted or direct the party to serve an amended answer.[80]

After review of Westbank's responses, as supplemented, the responses to Requests for Admission Nos. 6, 10, 15, 17, and 54, are insufficient. Request for Admission No. 6 asks whether the vessel was engaged in commercial fishing operations on the date of the incident, not whether it was doing so in the day or night. If Defendant does not understand what is meant by commercial fishing operations, it may qualify its response and specify how it defines the term to then admit or deny same. Similarly, Request for Admission No. 54 asks whether, on or about August 28, 2025, Defendant received notice that Thomas Johnson had been stabbed aboard the vessel, not anything about the manner of his death.

Based on the response to Request for Admission No. 10, it appears that the appropriate response is to object to the ambiguity of the term vessel, but then admit that on the date of the incident, Thomas Johnson was assigned to the F/V FRANCIS T. CARHINIAS. The denial of Request for Admission No. 15 on the basis that it calls for a legal conclusion is improper as the

---

[76] *Janko v. Fresh Mkt., Inc.*, No. 13-648, 2015 WL 4714928, at *4 (M.D. La. Aug. 5, 2015)
[77] *Id.* at *2.
[78] *VeroBlue Farms USA Inc. v. Wulf*, 345 F.R.D. 406, 416 (N.D. Tex. 2021).
[79] FED. R. CIV. P. 36(a)(6).
[80] *Id.*

request seeks a response to the application of law to a specified fact situation, not a pure legal conclusion. Supplementation is required. And Defendant's response to Request No. 17 is improper. Westbank is obliged to make reasonable inquiry and, if the information it knows or can readily obtain is insufficient to enable it to admit or deny, then so state.

Plaintiff's motion to determine the sufficiency of responses is granted in part and denied in part. Defendant must provide supplemental responses to Requests for Admission Nos. 6, 10, 15, 17, and 54.

### I. **Rule 37 Sanctions**

Rule 37 requires the imposition of reasonable expenses, including attorney's fees, when: (1) a motion to compel is granted or (2) the requested disclosure or discovery is produced after the motion was filed.[81] There are only three exceptions to the imposition of expenses. First, "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action."[82] Second, "the opposing party's nondisclosure, response, or objection was substantially justified."[83] Or, third, "other circumstances make an award of expenses unjust."[84]

The purpose of discovery sanctions are to secure compliance with the rules of discovery, deter others from violating them, and punish those who do violate them.[85] The presence of good faith (or lack thereof) is relevant to the sanctions analysis.[86] While a finding of bad faith or willful misconduct is required to support the severest remedies under Rule 37(b) (i.e., striking pleadings or dismissing a case), lesser sanctions do not require a finding of willfulness.[87]

---

[81] *Id.*37(a)(5)(A).
[82] *Id.* (i).
[83] *Id.* (ii).
[84] *Id.* (iii).
[85] *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642-43 (1976).
[86] *Echeverry v. Padgett*, No. 17-6494, 2019 WL 4572786, at *2 (E.D. La. Sept. 20, 2019).
[87] *Pressey v. Patterson*, 898 F.2d 1018, 1021 (5th Cir. 1990); *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488-89 (5th Cir. 2012) (quoting *Chilcutt v. United States*, 4 F.3d 1313, 1323 n.23 (5th Cir. 1993) (explaining in a parenthetical that "district courts 'have authority to grant a broad spectrum of sanctions' under Rule 37(b), and

Sanctions are not warranted in this case. As demonstrated by the undersigned's ruling, Westbank had a good-faith basis to object to some of Plaintiff's discovery requests and delay further response until Judge Ashe decided its partially successful motion to stay pending resolution of the parallel criminal proceeding.

## IV. **CONCLUSION**

Accordingly, for the foregoing reasons,

IT IS ORDERED that the Motion to Compel (ECF No. 66) is GRANTED IN PART AND DENIED IN PART as stated herein. As conceded in Plaintiff's reply, the requests for relief as to Requests for Admission Nos. 8, 16, 18–21, 26–28, and 67–68; and Requests for Production Nos. 36–41 and 45 are DENIED AS MOOT.

IT IS FURTHER ORDERED that Defendant provide supplemental responses to Requests for Production Nos. 1, 2, 10–12, 44, 49-50, 54, and 57 and more sufficient responses to Requests for Admission Nos. 6, 10, 15, 17, and 54 as well as a complete privilege log within 14 days.

IT IS FURTHER ORDERED that the request for sanctions is denied.

Dated this 9th day of September, 2026.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

'neither this Court nor the Supreme Court has ever determined that the lack of willful, contumacious, or prolonged misconduct prohibits all sanctions'")).