UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| AASHA DENNIS, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF THOMAS JOHNSON AND ON BEHALF OF HER MINOR CHILD, D.J. | * | CIVIL ACTION |
| | * | NO. 25-1963 |
| VERSUS | * | SECTION "M" (2) |
| | * | |
| WESTBANK FISHING, LLC, ET AL. | | |

## ORDER AND REASONS

Pending before me is Plaintiff's Motion for Reconsideration of September 9, 2026 Order, to Correct the Record, and to Consider the Corrected Privilege Log Under Rule 54(b). ECF No. 90.

In connection with the original filings, Plaintiff sought production of certain witness statements not identified by date, which Defendant's privilege log incorrectly identified as having been taken on August 29, 2026, rather than August 29, 2025. ECF No. 84-2. Defendant's subsequent filing corrected the date error and noted the statements were taken on August 29, 2025, not 2026. ECF No. 88, at 3.[1] Plaintiff correctly notes that my September 9, 2026 Order and Reasons erroneously carried over the initial mistaken date reference. For that reason, correction of the Order and Reasons is appropriate.

However, contrary to Plaintiff's assertion in this motion, the Court did not rely on the incorrect date to support the conclusion that the statements qualify as work product. Thus, the date error contained in the Order and Reasons does not change the analysis. Indeed, the mistaken date has no impact on the analysis of whether the statements taken by Defendant's litigation counsel qualify as work product. As Defendant explained in its opposition, the witness statements were

[1] Plaintiff's present motion also includes the amended privilege log reflecting the date correction. ECF No. 90-4.

not taken by a party in the ordinary course of business. Rather, the statements were taken by litigation counsel (attorney Joseph Devall) as part of the investigation of the incident in anticipation of litigation. ECF Nos. 84, at 4–5; 84-2. As such, the statements constitute ordinary work product (rather than an attorney's mental processes work product). Plaintiff does not now suggest that Defendant's assertion is inaccurate. Thus, Defendant carried its burden to establish work product.

Having established that the statements constitute work product, the decisive issue then became whether Plaintiff had established substantial need for the work product. As the Court explained in the paragraph immediately following the paragraph containing the incorrect date, the fact that these witnesses also provided statements to the Plaquemines Parish Sheriff's Office, which were delivered to Plaintiff, and Plaintiff had not yet deposed the witnesses to determine whether they recall the event or lacked sufficient memory to answer relevant questions, she failed to carry the burden of establishing substantial need for the statements. And, as the Court already indicated: "Should the statements given to the Plaquemines Parish Sheriff's Office be insufficient and the witnesses are unable to answer questions when deposed, an in camera inspection may be justified. At this point, however, an *in camera* inspection is not required as Plaintiff has not established substantial need for the discovery of ordinary work product materials."

The Court's prior basis for denying the motion to compel remains undisturbed: Until Plaintiff deposes the witnesses to determine whether or not they recall the relevant events, Plaintiff has not established substantial need necessary to overcome work product. Thus, an *in camera* inspection is not warranted at this time. Should Plaintiff develop facts sufficient to establish substantial need for the statements, she may re-urge her motion and provide the statements made to police for comparison purposes.

Accordingly, for the foregoing reasons,

**IT IS ORDERED** that the Motion for Reconsideration of September 9, 2026 Order, to Correct the Record, and to Consider the Corrected Privilege Log Under Rule 54(b) (ECF No. 90) is **GRANTED IN PART AND DENIED IN PART**. A corrected Order and Reasons will be entered to remove the incorrect date included in the original filings. Production of the statements at this time, however, is improper as Plaintiff has not demonstrated substantial need given that Plaintiff has the statements given to the police and she has not yet deposed the witnesses to determine whether they lack knowledge of the relevant events.

New Orleans, Louisiana, this 16th day of September, 2026.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE